IN THE MATTER OF THE PETITION OF JOSEPH F. JOB TO
BE A CANDIDATE IN THE GENERAL ELECTION FOR
THE OFFICE OF UNITED STATES SENATOR.

Superior Court of New Jersey
Appellate Division

Argued July 7, 1970—Decided July 16, 1970.

Before Judges SULLIVAN, COLLESTER and KOLOVSKY.

*Mr. Frank Paglianiti* argued the cause for appellant (*Mr. Charles Daly,* attorney).

*Mr. Louis Ruprecht* argued the cause for objectors-respondents Thomas Marshall and Ruth Payne (*Messrs. McGlynn, McGlynn, Ruprecht and Graham,* attorneys).

*Mr. George F. Kugler, Jr.,* Attorney General, filed a Statement in Lieu of Brief for respondent Secretary of State (*Mr. Stephen Skillman,* Assistant Attorney General, and *Mr. Kenneth M. Olex,* Deputy Attorney General, of counsel, and *Mr. Dennis J. Quinn,* Deputy Attorney General, appearing at oral argument).

The opinion of the court was delivered by

SULLIVAN, P. J. A. D. Joseph F. Job appeals from a decision which declared void a petition filed in the office of the Secretary of State directly nominating Job as candidate for the office of United States Senator in the November 3, 1970 general election. For reasons hereinafter stated, we find the petition to be valid and direct the Secretary of State to accept it for filing and cause the name of Joseph F. Job to be placed on the ballot for the November 3, 1970 election.

Under *N. J. S. A.* 19:13–5 a petition directly nominating a candidate to the office of United States Senator must contain at least 800 signatures of legally qualified voters. The petition in question contains some 1474 signatures and consists of several sets of signature sheets bound together. Each set of signature sheets is verified by five witnesses. However, since the separate sets were obtained at various times and places, there are different witnesses for each set

of signature sheets, *i. e.*, the same five witnesses have not certified as to all 1474 signatures. This method of verification is one of the points of contention herein.

Formal objection to the Job petition was made by two objectors and, on their application, the Superior Court ordered the Secretary of State to hold a plenary hearing as to the validity of such petition. At the hearing the objectors produced evidence to support their contention of "numerous instances of individuals signing their own name and the names of other persons in the same household." Objectors also contended that the petition was invalid since admittedly all of the 1474 signatures on the petition were not witnessed and certified by the same five persons.

At the conclusion of the hearing the hearing officer declared the Job petition to be void on the authority of *McCaskey v. Kirchoff*, 56 *N. J. Super.* 178 (App. Div. 1959). Although he made no specific findings, apparently (1) he found some of the signatures on the petition were illegal and concluded that this voided the entire petition, and (2) he also determined that all of the signatures on the petition had to be witnessed and certified by the same five persons.

We conclude that the aforesaid ruling is erroneous as to both points and is based on a mistaken application of our previous holding in *McCaskey*.

▮ The irregularities shown as to a handful (approximately 12) of the 1474 signatures on the Job petition were insufficient to show any pattern of fraud and invalidate the entire petition. Certainly there was no evidence that the candidate himself knew of, or was a party to, any of these irregularities. The *McCaskey* decision was bottomed on the undisputed fact that the candidates had directly participated in the obtaining of false signatures and then certified as to their being genuine. Under those circumstances we held in *McCaskey* that the fraud and wrongdoing went to the heart of the petition and rendered the entire petition invalid.

▮▮ We also conclude that the hearing officer's apparent interpretation of *N. J. S. A.* 19:13–7, that all of the 1474

signatures on the separate sets of signature sheets had to be witnessed and certified by the same five persons, was erroneous. The statute provides that "Before any petition shall be filed * * * at least five of the voters signing the same shall make oath * * * that the affiants saw all the signatures made thereto * * *." However this requirement must be read in the light of the immediately preceding section of the statute, *N. J. S. A.* 19 :13–6, that "all the names need not be signed to one petition." Obviously, the statute contemplates that separate sets of signature sheets may be used in the making of a nominating petition. On this basis, all that the statute requires is that each set of signature sheets be witnessed and certified by five persons. The construction urged by objectors, and apparently adopted by the hearing officer, would make it almost impossible to circulate a state-wide nominating petition. Indeed, the printed form of nominating petition furnished by the Secretary of State's office cautions that "THIS SET OF SIGNATURES IS ONLY PART OF A PETITION," and adds "The five witnesses taking the affidavit below must be the persons who obtained the names on this set of signatures or several sets of signatures. They must take the affidavit as witnesses for each set they solicit." This administrative interpretation fully conforms with our reading of the statute. *McCaskey* is not to the contrary. In that case the same five persons had certified to the witnessing of all of the 88 signatures on the nominating petition. However, it was manifest from the record that all five affiants did not actually witness all of the signatures — "It would appear that the signatures were gotten by the five affiants working individually or in pairs," 56 *N. J. Super.* at 182 — and this was held to be a clear violation of the statute.

The decision herein is reversed. The Secretary of State is directed to accept the petition in question as valid and cause the name of Joseph F. Job to be placed on the ballot as a candidate for the office of United States Senator in the November 3, 1970 election.