THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ANGELO PARMIGIANI, DEFENDANT-APPELLANT.

Argued May 6, 1974—Decided June 4, 1974.

*Mr. William L. Boyan* argued the cause for the appellant (*Mr. Alfred O. Powell,* of counsel and on the brief).

*Mr. Carl W. Swanson, Jr.,* Deputy Attorney General, argued the cause for the respondent (*Mr. William F. Hyland,* Attorney General, attorney).

The opinion of the Court was delivered by

JACOBS, J. The defendant Angelo Parmigiani and others were convicted on various charges and their convictions were affirmed by the Appellate Division in an opinion which held, *inter alia,* that wilfully false answers, certified to in accordance with *R.* 1:4–4(b), may constitute false swearing in violation of *N. J. S. A.* 2A:131–4. *State v. Angelo's Motor Sales,* 125 *N. J. Super.* 200, 205–209 (*App. Div.* 1973). We granted certification only as to Parmigiani and only as to the false swearing issue; we denied a later motion for enlargement of the certification. Parmigiani has served the sixty-day sentence imposed on him but there is properly no suggestion of mootness. See *Bower v. State,* 135 *N. J. L.* 564, 568 (*Sup. Ct.* 1947) ; *cf. City of Newark v. Pulverman,* 12 *N. J.* 105, 116 (1953).

Parmigiani is president and principal stockholder of Angelo's Motor Sales, Inc., a dealer in new and used cars. William Mullins, Jr. purchased a car which was represented to be a demonstration model used by the dealer but was actually a repossessed car. Mullins sued and in the course of his civil action submitted interrogatories which inquired as to the

car's mileage at the time it was repossessed and whether the mileage reading on the car's odometer had been changed. The answers to the interrogatories stated that the mileage was approximately 1,911 miles and that the mileage reading on the odometer had not been changed. The interrogatories demanded answers under oath but at their close and in lieu of oath there was a certification in the form provided in *R.* 1:4-4(b) to the effect that the answers were true and that if they were wilfully false the signatory was subject to punishment. Immediately following the certification the answers were signed "Angelo Motor Sales, Inc. by Angelo Parmigiani." The Mercer County Grand Jury returned an indictment which charged in counts 3 and 4 that the defendant Angelo Parmigiani had, in answering the interrogatories, wilfully sworn falsely in violation of *N. J. S. A.* 2A:131-4. In due course the indictment came on for trial and the jury found Parmigiani guilty as charged. He does not dispute the weight and sufficiency of the evidence against him but does urge that since he did not take an oath before a person duly authorized to administer oaths he could not legally be held to have violated any of the proscriptions in *N. J. S. A.* 2A: 131-4. The Appellate Division rejected this contention and we believe it did so rightly. 125 *N. J. Super.* at 205-209.

█ The Rules of Court in their early stages directed that interrogatories be answered in writing under oath. *R. R.* 4: 23-4. In 1958 the rules were amended to permit certification in lieu of oath under penalty of contempt in the event of wilful falsification. *R. R.* 1:27F. In 1969 they were further amended to provide, as they now do in *R.* 1:4-4(b), that in lieu of oath, "the affiant may submit the following certification which shall be dated and immediately precede his signature: 'I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.'" Under this amendment the available punishment was no longer restricted to contempt. The clear purpose of the broadened language was to subject those who

made wilfully false certifications to the punishment available under any applicable law or legal principle and to so advise the signatory. The Court's allowance of certification in lieu of oath was admittedly intended as a convenience but it in nowise reduced the solemnity of the verification or declaration of truth. Indeed the language of the certification was well designed to impress the signatory with the gravity and consequence of his act, perhaps much more so than the sometimes perfunctory notarization. See *Pressler, New Jersey Court Rules, p.* 25 (1974).

The false swearing statute (*N. J. S. A.* 2A:131-4) was drawn broadly and was designed to enable false swearing prosecution without satisfying all of the technical requirements of perjury prosecution. See *State v. Kowalczyk,* 3 *N. J.* 51, 59 (1949); *State v. Siegler,* 12 *N. J.* 520, 525 (1953). It provides that any person who wilfully swears falsely in any judicial proceeding or before any person authorized by any law of this State to administer an oath, is guilty of a misdemeanor. Significantly the requirement that the false swearing must be before a person authorized to administer an oath does not apply when it occurs in a judicial proceeding; at oral argument counsel for Parmigiani acknowledged that here the wilfully false certification occurred in a judicial proceeding and there could hardly be any doubt on that score. But he contended that, though it occurred in a judicial proceeding, it did not amount to false swearing since it was not made under oath. If that contention were accepted it would narrow the statutory language and would impair the statutory goal. It would in effect render the statute inapplicable, not only to those who may certify in lieu of oath under *R.* 1:4-4(b), but also to those who may testify on the witness stand without oath but with "affirmation or declaration to tell the truth under the penalty provided by the law." *Evid. R.* 18; 1972 *Edition New Jersey Rules of Evidence, pp.* 59, 63.

In *State v. Levine,* 109 *N. J. L.* 503 (Sup. Ct. 1932), the former Supreme Court held that the defendant had the

right to testify on his own behalf even though he had no religious beliefs and had declined to take an oath but was willing to affirm or declare his testimony to be the truth. See *United States v. Looper,* 419 *F. 2d* 1405 (4 *Cir.* 1969). The Court noted that if his testimony was wilfully false he would be subject to prosecution for perjury. 109 *N. J. L.* at 511–512. Insofar as the same case held that a nonparty witness who had no religious beliefs and had declined to take an oath could not testify, it has been explicitly replaced by our Evidence Rules and is no longer the law. *Evid. R.* 7, 18; 1972 *Edition New Jersey Rules of Evidence, supra* at 63; see *Gillars v. United States,* 87 U. S. App. D. C. 16, 182 *F. 2d* 962, 969–970 (1950); *cf. State v. Walton,* 72 *N. J. Super.* 527, 535 (*Middlesex Co. Ct.* 1962); *McCormick, Evidence* 141–142 (*2d ed.* 1972). Surely the Legislature, when it provided, shortly after *Levine* was decided (*L.* 1935, *c.* 286 — *N. J. S. A.* 2A:131–4), that any person who wilfully "swears" falsely in any judicial proceeding is guilty of a misdemeanor, contemplated its applicability to testimony in court though without oath. Dictionary definitions of "sworn" generally include solemn declarations or assertions of truth without oath and the Legislature has expressly provided that " 'sworn' includes 'affirmed'." *N. J. S. A.* 1:1–2.

█ It is urged, and for present purposes it may be assumed, that when the Legislature enacted the false swearing statute, it did not have certification in lieu of oath specifically in mind. But that is not at all crucial for its language was broad enough to cover the situation at hand and the legislative goal would clearly be furthered by its inclusion. See 125 *N. J. Super.* at 208; *J. C. Chap. Prop. Owner's &c. Assoc. v. City Council,* 55 *N. J.* 86, 100–101 (1969); *Safeway Trails, Inc. v. Furman,* 41 *N. J.* 467, 477, *appeal dismissed,* 379 *U. S.* 14, 85 S. Ct. 144, 13 *L. Ed. 2d* 84 (1964); *cf. Siccardi v. State,* 59 *N. J.* 545, 554–555 (1971); *Gleitman v. Cosgrove,* 49 *N. J.* 22, 53–54 (1967) (dissenting opinion); *State v. New Jersey Dairies,* 101 *N. J. Super.* 149, 153 (*App. Div.* 1968); see also 2 *Suther-*

*land, Statutory Construction* § 5102 (*3d ed.* by Frank E. *Horack, Jr.* 1943); *cf.* 2A *Sutherland, Statutory Construction* § 49.02 (*4th ed.* by C. Dallas Sands 1973). In *Safeway Trails, supra,* Justice Proctor cited the settled doctrine that statutes written in general terms will ordinarily be construed to apply to new situations which are within its general purview and terminology. While the doctrine is not to be invoked unfairly there is nothing to suggest unfairness in its application to Parmigiani. See 125 *N. J. Super.* at 207–208. He admittedly knew in advance that he could be imprisoned if he gave wilfully false answers to the interrogatories. The fact that he might not have known whether his imprisonment would result from a contempt proceeding or from a prosecution under the false swearing statute or·some other applicable statute seems hardly material in the circumstances presented here. We are entirely satisfied that, proprly construed, the false swearing statute governed his conduct and that there was no injustice in his prosecution thereunder; accordingly the judgment of the Appellate Division sustaining his conviction is in all respects:

Affirmed.

*For affirmance—*Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—5.

*For reversal—*None.