The opinion of the court was delivered by
FURMAN, J.A.D.
Howell State Bank (Howell) appeals from an order for sheriff’s sale subsequent to a mortgage foreclosure judgment. Ho *581 well is a junior mortgagee on property owned by Court Development, Inc. (Court) in Ocean Township, Monmouth County.
The two mortgages which were foreclosed in this action were executed by Court to plaintiff Meadowlands National Bank (Meadowlands), along with notes, in 1973 and 1975 on property of about 18.5 acres in Ocean Township. In 1977 Court conveyed a subdivided parcel of 9.97 of the 18.5 acres to Shore Racquet Club (Shore). The deed from Court to Shore recited that “the within conveyance is made subject to” the two mortgages and that the current mortgage debt was $151,000. Shore received a credit of $151,000 towards the purchase price of $250,000.
Court executed three subsequent mortgages on its retained 8.53 acres including a fifth mortgage and note for $125,000 to Howell in 1980. None of these mortgages was in default at the time of the entry of the order for sheriffs sale on the Meadow-lands mortgages.
Court has brought a separate action against Shore for breach of contract in failing to pay off the Meadowlands mortgages or, alternatively, to pay off the balance of the consideration for the conveyance from Court to it in the amount of the then current Meadowlands mortgage debt.
The order on appeal before us provided for sheriff’s sale first of the Shore parcel for a pro rata 54% of the mortgage debt based upon acreage; for sheriff’s sale second of the parcel retained by Court for a pro rata 46% of the mortgage debt; for a right of redemption in Shore for 54% contingent upon sale of the Court parcel for at least 46%, and for a sheriff’s sale of the entire 18.5 acres, both the Shore and Court parcels, if separate sales failed to realize sufficient monies to satisfy the total mortgage debt to Meadowlands.
Howell’s argument, both below and before us, is that the foreclosed property should be sold by the sheriff as two separate parcels, the Shore parcel first and thereafter the Court parcel but only if the mortgage debt had not been satisfied out of the proceeds of the Shore parcel sale. Howell relies upon the *582 equities in favor of Court against Shore arising from the credit to Shore of the mortgage debt against the purchase price, of the 9.97-acre parcel. According to it, the practical result of the order for sheriff’s sale on appeal may be that its security is destroyed, whereas it may be preserved if the Shore parcel is the primary source for the payment of the Meadowlands mortgages; that, after satisfaction of 46% of the Meadowlands mortgage debt, the proceeds of the Court parcel sale may be insufficient to satisfy intervening mortgages and liens and, finally, its own mortgage.
In advancing $125,000 to Court, Howell was on constructive notice of the language in the deed from Court to Shore subjecting the conveyance to the Meadowlands mortgages; thus, it could rely upon the security of the Shore parcel as well as the Court parcel for the satisfaction of the Meadowlands mortgages. Howell makes no claim of actual or constructive notice that Shore was credited with the entire mortgage debt against its purchase price to Court or of any agreement between Court and Shore that the Shore parcel was to be the primary source for the satisfaction of the Meadowlands mortgages. Rather, Howell argues that, because of the “subject to” language in the deed and the agreement between Court and Shore which was not of record, it should be the beneficiary of Court’s equitable right to have its retained parcel exonerated.
It is well established in this state that a provision in a deed that it is “subject to” an outstanding mortgage does not impose in personam liability on the grantee but makes the land conveyed subject to the mortgage debt pro rata with the retained land, in. the absence of an agreement as to some other apportionment. Stuyvesant Security Co. v. Dreyer, 103 N.J.Eq. 457, 460 (Ch. 1928), aff’d o.b. 105 N.J.Eq. 585 (E. & A.1929); Hoy v. Bramhall, 19 N.J.Eq. 563, 569 (E. & A.1868). In 29 N.J. Practice (Cunningham and Tischler, Law of Mortgages), (1975), § 138, the principle is stated:
*583 If the owner of land subject to a mortgage conveys part of the land “subject to” the mortgage, it is reasonable to presume that the grantee did not pay “full value” for the land and that at least part of the mortgage debt was deducted in fixing the price. In such a case, in the absence of any evidence as to what part of the mortgage debt was deducted or a specific agreement that the land conveyed should be “subject to” any particular part of the mortgage debt, the debt will be charged upon the land conveyed and the land retained by the grantor on a pro rata basis .... If the grantor and grantee agree that a specified part of the mortgage debt shall be primarily charged upon the land conveyed, their agreement is controlling between the parties, [at 646; emphasis supplied; footnotes omitted]
Enforcement of an agreement between Court and Shore that the Shore parcel would be sold first to satisfy the Meadow-lands mortgages is not in issue before us. As a subsequent mortgagee of Court whatever interest Howell had in the performance of such agreement was incidental; it had no right itself to performance under principles of contract law defining third-party beneficiaries. 2 Restatement, Contracts, § 302 (1981). Nor does Howell claim that it is entitled to performance under the terms of its mortgage to Court. No authority is cited, and we are aware of none, that Howell can assert equities in lieu of Court, which were unknown to Howell at the time of execution of its mortgage.
We affirm.