192 N.J. Super. 583 (1984)
471 A.2d 803
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALEXANDER KUSHNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1983.
Decided January 4, 1984.
*584 Before Judges MATTHEWS and SHEBELL.
Michael Querques argued the cause for appellant (Louis C. Esposito on the brief).
Roger A. Daly, Assistant Prosecutor, argued the cause for respondent (Larry J. McClure, Bergen County Prosecutor, attorney; Roger A. Daly on the letter-brief).
PER CURIAM.
Defendant, an attorney at law of New Jersey, is alleged to have falsely signed a certification to the court in a civil action *585 stating that he had not signed a promissory note. He was indicted in alternate counts for perjury (N.J.S.A. 2C:28-1) and false swearing (N.J.S.A. 2C:28-2). He moved to dismiss the indictment asserting that he could be found guilty of no greater offense than making "unsworn falsifications to authorities" under N.J.S.A. 2C:28-3. The trial court denied his motion and we granted leave to appeal.
Defendant's position is without merit. R. 1:4-4(b) entitled "Certification in lieu of Oath" provides as follows:
In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede his signature:
"I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment."
This is the precise certification that defendant is alleged to have employed. The annotation in Pressler, Current N.J. Court Rules, Comment R. 4:17-4 (1983) states the following:
Note that a wilfully false certification in lieu of oath will support a criminal prosecution for false swearing. State v. Angelo's Motor Sales, 125 N.J. Super. 200 (App.Div. 1973).
State v. Parmigiani, 65 N.J. 154 (1974), further supports the quoted annotation.
Defendant argues that the adoption of N.J.S.A. 2C:28-3[1] reflects an intent by the Legislature to overrule Angelo's Motor Sales and Parmigiani. We find no such intent. This new section was created to prohibit misstatements to governmental agencies and public servants where the statements are not made *586 in solemn form such as under oath or a certification in lieu of oath. Volume II Commentary, Final Report of the New Jersey Law Revision Commission, at 278. It was not intended to apply to a certification in lieu of oath. The rules of court clearly require the same solemnity in the act of verification as is required when a document is formally sworn to. R. 1:4-4(b); State v. Parmigiani, supra at 157. As we stated in Angelo's Motor Sales:
The change in rules was not intended to degrade the solemnity of the affirmation of the truth of the answers, nor was it intended to reduce the penalty for providing false answers to interrogatories. In our view, the adoption of the certification procedure merely constituted a change in ritual and not in substance. Certification is only another way of swearing or affirming. It is nothing in itself except as a perceptible manifestation of the intent to verify the statement certified. [125 N.J. Super. at 207]
Defendant's motion was properly denied. Affirmed.
NOTES
[1] falsification to authorities.
a. Statements "Under Penalty." A person commits a crime of the fourth degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable.
b. In general. A person commits a disorderly persons offense if, with purpose to mislead a public servant in performing his function, he:
(1) Makes any written false statement which he does not believe to be true;
(2) Purposely creates a false impression in a written application for any pecuniary or other benefit, by omitting information necessary to prevent statements therein from being misleading;
(3) Submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or
(4) Submits or invites reliance on any sample, specimen, map, boundary-mark, or other object which he knows to be false.
c. Perjury provisions applicable. Subsections c. and d. of section 2C:28-1 and subsection c. of 2C:28-2 apply to the present section.