## Linebaugh v. Lehr

*John W. Thompson, Jr.,* for plaintiffs.
*George F. Douglas, Jr.,* for defendant.

MILLER, *J.,* December 26, 1984—This matter is before the court on defendant's petition for declaratory judgment to determine whether plaintiff Cynthia M. Snyder has a cause of action, individually, for the loss of "love, comfort, affection, attention, and companionship" of her deceased husband whose death was allegedly caused by the negligence of defendant, George J. Lehr.

On August 19, 1982, decedent was struck by an automobile operated by defendant. An insurance policy issued by State Farm Mutual Automobile In-

surance Company covered the vehicle driven by defendant. The policy limits provided coverage in the amount of $25,000 per person and $50,000 per accident.

Suit was instituted by Stephen P. Linebaugh, Esq., personal representative of the estate of decedent and by Cynthia Snyder, individually. Counts I and II of the complaint set forth actions for wrongful death and survival respectively, brought by the personal representative. Count III of the complaint was brought by the widow of the decedent for loss of consortium, and for the loss of "the prospective economic and financial support of husband".

A settlement offer was made by defendant for $25,000, that amount being the insurance policy limit for one victim. Plaintiff Cynthia Snyder asserts that she is a "second victim" and thus, her claim is separate from the wrongful death and survival actions and should not be included as part of the $25,000 settlement offer.

The issue whether a separate loss of consortium action may be maintained by the widow of a decedent has never been conclusively determined by the appellate courts of this Commonwealth. A loss of consortium action by a wife has been recognized as a cause of action in a non-fatal injury case. Hopkins v. Blanco, 224 Pa. Super. 116, 302 A.2d 855 (1973), aff'd 457 Pa. 90, 320 A.2d 161 (1974).

Plaintiff has presented a persuasive, but not compelling, argument in favor of allowing recovery by the widow as a "second victim". She cites the case of Hopkins v. Blanco, supra, wherein the court, explaining its ruling that "the infliction of a *non-fatal* injury upon one spouse now confers separate and distinct rights of action upon both spouses" (Emphasis added), said: ". . . courts have increasingly recognized that tort law must protect the individu-

al's interest in protecting one's essentially emotional interest."

However, we believe the law to be in accord with the view expressed by the Court of Common Pleas of Bucks County on this issue in Rimel v. L.R.B. Corp., 62 D. & C. 2d 751 (1973). After a careful analysis of the case law regarding the issue of what damages are properly recoverable in a death action, the court found that loss of consortium is not a separate and independent compensable element of damages in a death action, but rather is an item to be considered in awarding a total verdict for the surviving spouse in a wrongful death action. Id. at 755-756. This view is consistent with prior case law in this Commonwealth:

". . . damages in death cases do not include a claim for mental suffering, grief or distress of mind, nor for the loss of society or companionship as such, of children or parents." (Citations omitted.) Gaydos v. Domabyl, 301 Pa. 523, 152 A. 685 (1930).

The federal courts have also interpreted Pennsylvania law to stand for the proposition that there is no recovery for loss of consortium or society in a death action. Byrne v. Matczak, 254 F.2d 525 (Third Circuit, 1958).

We are therefore satisfied that the present state of the law in this Commonwealth precludes plaintiff from maintaining an individual cause of action for the loss of consortium of and with her deceased husband. Such an action is derivative and not freestanding. The wife's claim does not, by its nature, constitute her as a "second victim" so as to enable her to collect damages under defendant's liability insurance policy in excess of the $25,000 coverage limitation provided for any one person who suffers injury as a result of the operation of defendant's motor vehicle.

Accordingly, we enter the following

### ORDER

And now, this December 26, 1984, in accordance with the foregoing opinion, we dismiss count III of plaintiff's complaint and enter judgment thereon in favor of defendant.