212 N.J. Super. 234 (1986)
514 A.2d 856
ESTHER J. LEBAK, PLAINTIFF,
v.
VIRGINIA L. FRECK, TOWNSHIP CLERK OF THE TOWNSHIP OF SPRINGFIELD, AND EDWARD A. KELLY, JR., CLERK OF THE COUNTY OF BURLINGTON, DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided May 2, 1986.
*235 Henry G. Tutek for plaintiff (Kessler, Tutek & Gladfelter, attorneys).
*236 Dennis P. McInerney for defendant Freck (Bookbinder & Colagouri, attorneys).
Glen Filippone for defendant Kelly (Michael J. Hogan, Burlington County Counsel, attorney).
HAINES, A.J.S.C.
Plaintiff Esther J. Lebak's complaint in lieu of prerogative writs challenges the validity of the election petition of William H. Van Hise, a candidate for the township committee of the Township of Springfield in Burlington County. This opinion concludes that the petition is valid.
Van Hise filed a nominating petition with the township clerk on April 1, 1986, well within the time required by N.J.S.A. 19:13-9. Written objections to its acceptance, duly filed, claimed that it had not been properly witnessed. N.J.S.A. 19:13-7. provides:
Before any petition shall be filed as hereinafter provided, at least one of the voters signing the same shall make oath before a duly qualified officer that the petition is made in good faith, that the affiant saw all the signatures made thereto and verily believes that the signers are duly qualified voters.
The clerk held a hearing on the objections. Virginia G. Jones, the person who signed the affidavit annexed to the petition in supposed compliance with the above statutory provision, testified. She admitted that she had not seen the signatures affixed to the petition. As a result, it was rejected.[1]
Van Hise, who had not signed his own petition and therefore could not make a substitute affidavit, anticipated the result of the hearing and circulated an entirely new petition, keeping the witness at his side so that she saw all the signatures as they *237 were written. The witness then signed the affidavit annexed to the new petition and it was filed with and accepted by the clerk on April 16, 1986. No written objections to the new petition were filed, This suit, however, followed.
Lebak argues (1) that the use of an entirely new petition does not comply with statutory requirements and (2) that the petition is not valid because no proper oath was administered to Jones when she executed the required affidavit. Defendants disagree with both contentions and also argue that the complaint in the present action was filed too late.
The last argument, raising a jurisdictional question, is addressed first. N.J.S.A. 19:13-10 provides:

Every petition of nomination in apparent conformity with the provisions of this title shall be deemed valid, unless objection thereto be duly made in writing and filed with the officer with whom the original petition was filed not later than the fourth day after the last day for filing of petitions. If such objection is made, notice thereof signed by such officer shall forthwith be mailed to the candidate who may be affected thereby, addressed to him at his place of residence as given in the petition of nomination. [Emphasis supplied]
The four day period of limitations so provided applies to Van Hise's second petition as well as his first, if the words "every petition" are read literally. The reference to the "original" petition supports that interpretation since it suggests the possibility of more than one amended petition. That reading, however, makes no sense when all of the time limitations applying to nominating petitions are considered.
N.J.S.A. 19:13-9 requires the filing of nominating petitions before the 54th day next preceding the date of the primary election. N.J.S.A. 19:13-10, quoted above, requires objections to be filed not later than the 50th day. N.J.S.A. 19:13-11 requires the decision on the objections to be made on or before the 48th day, which is also the deadline for filing amended, new or substituted petitions. N.J.S.A. 19:13-13. Consequently, as here, when objections to a petition filed on the last permissible date, are followed, on that date, by the filing of a new petition, a problem arises. No opportunity is provided for filing objections to the new petition, unless they can be filed on the same *238 date, and no opportunity is provided for a ruling on the objections unless one can be made then as well. Realistically, it appears that a new or amended petition is not subject to challenge through any reasonable administrative procedure.
N.J.S.A. 19:13-12 authorizes a candidate to file a complaint in the Superior Court "setting forth any invasion or threatened invasion of his rights under the petition of nomination filed with ... any county clerk," in response to which a judge may make an appropriate order. However, such complaint must be filed "at least 50 days before the election." When a new petition, as here, is filed only 48 days before the election, a candidate's complaint is out of time. Further, in the present case, Lebak is not a candidate.
Lebak's complaint was filed on May 1, 1986, only 33 days before the election and therefore out of time by any statutory measure. It is apparent, however, that the Legislature did not consider present circumstances and provided no effective protection against a defective, new or amended nominating petition filed on the last permissible date. For example, no reasonable time is available for objection to a petition consisting entirely of forged signatures. It is therefore permissible for this court, in the exercise of its equitable powers, to devise a remedy. In re 1984 General Election in the Township of Maple Shade, 203 N.J. Super. 563, 568-584 (Law Div. 1985). That remedy, adopted here, recognizes the right to file the present action in lieu of prerogative writs, provided it is filed within a reasonable time and not "later than 45 days after the accrual of the right to the review, hearing or relief claimed." R. 4:69-6(a). The filing must occur within time for the county clerk to discharge the obligation to arrange for the printing of ballots. The present complaint meets these requirements and must be addressed.
Lebak's claim that Van Hise could not correct his invalid petition by filing an entirely new one has no merit. N.J.S.A. 19:13-13 expressly permits the amendment of a defective petition *239 "by filing a new or substitute petition, or affidavit or affidavits...." That is exactly what Van Hise did. It was the only method of amendment available to him. He had no witness who had seen all of the signatures affixed to his petition and was not himself a signatory. The circulation of an entirely new petition, correctly executed, was a proper technique to employ in solving his problem.
A hearing on the present complaint was held on May 2, 1986. Jones testified that she read the affidavit before signing it, but was not asked by the clerk, who signed the jurat, to swear to the truth of its contents. Plaintiff argues that this requires the rejection of the petition. I disagree.
The affidavit begins: "(T)he undersigned being duly sworn upon his [sic] oath...." Since Jones read this language she knew that she was under oath and no verbalization by her, or by the clerk was necessary. No New Jersey case addressing the issue has been found. Cincinnati Finance Co. v. First Discount Corp., 59 Ohio App. 131, 17 N.E.2d 383 (Ct.App. 1938), however, is exactly on point. The court said:
The first objection to the validity of the mortgages is that those statements were not sworn to. The notary testified that the mortgages were presented to her by ... an agent of the mortgagee, and that the agent signed them in her presence, and that she  the notary  signed the notarial jurat in the presence of the agent, but that the agent was not required to raise her hand, no oral oath was administered, and, of course, no response thereto given. In other words, no word or act passed between them at the time other than the signing of their names in the appropriate places.
Is that a sufficient compliance with the law?
....
We hold that where a person, for the purpose of taking an oath in compliance with law, knowingly signs a written statement of an oath before an officer authorized to administer an oath, the law is complied with as effectively as when he responds to an oral oath. [17 N.E.2d at 384]
Cincinnati is cited with approval in In re Rice, 35 Ill. App.2d 79, 181 N.E.2d 742 (App.Ct. 1962).
This conclusion is supported by Lawson v. Davis, 116 N.J. Super. 487 (App.Div. 1971). In that case, despite false verifications attached to petitions, the Appellate Division found *240 them valid. It held that the underlying purpose of the verification procedure, "assurance of the genuineness and qualifications of a sufficient number of signatures," was satisfied. Such is the case here, since Jones, herself a signatory, testified that she accompanied the candidate when the petition was circulated and saw all the persons named therein actually sign the petition. The mere absence of a verbal oath when a written one is present and read is of so much lesser consequence than the false affidavits ignored in Lawson that it cannot be accepted as a reason for granting the requested relief. These conclusions are strongly supported by N.J.S.A. 19:13-13, which states that the authorized amendment procedure "shall be liberally construed to protect the interest of candidates." Election laws are also to be liberally construed to protect the voters' franchise. Wene v. Meyner, 13 N.J. 185, 197 (1953). Vacating the petition in this case would do the opposite since it would eliminate a candidate for whom some voters, at least those who signed his petition, may be expected to vote. Lawson, 116 N.J. Super. at 490.
NOTES
[1] This does not mean that the witness signed a false affidavit. The printed form of affidavit on the nominating petition does not comply with the statute, merely stating that "the petition is signed by each of the signers thereto in his or her own proper handwriting," a statement which was not disproved. The statute requires the affiant to swear that she "saw all the signatures made thereto," emphasis supplied, a requirement which is itself somewhat ambiguous.