STATE OF NEW JERSEY, PLAINTIFF, v. $7,139.00 U.S. CURRENCY (BELONGING TO AND SEIZED FROM ARTHUR V. IANNUZZI), DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided August 8, 1988.

*L. Ronald McCullough,* for defendant (*McCullough & Joseph,* attorney).

*Jeanne T. Covert,* Assistant County Prosecutor for the State (*Stephen G. Raymond,* Prosecutor).

HAINES, A.J.S.C.

This is a forfeiture action. The forfeiture statute, *N.J.S.A.* 2C:64–3b, provides: "The complaint shall be verified on oath or affirmation." The defendant moves to dismiss the complaint because it was not "verified on oath or affirmation" but was certified pursuant to *R.* 1:4–4(b) which provides: "In lieu of the affidavit, oath or verification required by these rules, the affiant may submit ..." a certification. This opinion concludes that the motion must be denied, that the complaint is verified in accordance with law.

The defense argues form, not substance. The certification statement is no different, for verification purposes, than an oath or an affirmation; all three provide the requisite proof of the truthfulness of the statements contained in the complaint. In *State v. Angelo's Motor Sales,* 125 *N.J.Super.* 200 (App.Div. 1973), aff'd sub nom. *State v. Parmigiani,* 65 *N.J.* 154 (1974), the Supreme Court said:

> Dictionary definitions of "sworn" generally include solemn declarations or assertions of truth without oath and the Legislature has expressly provided that " 'sworn' includes 'affirmed'." *N.J.S.A.* 1:1–2. [65 *N.J.* at 158]

*Parmigiani* gave untruthful answers to interrogatories and was charged with the crime of false swearing. He argued that he did not swear falsely because his answers were not given under oath but were certified. The Appellate Division said:

> In the past, interrogatories were required to be answered under an oath. A later amendment to the Rules of Court allowed the certification in lieu of oath as a convenience for attorneys and the parties involved. *R.* 1:4–4(b). The change in rules was not intended to degrade the solemnity of the affirmation of the truth of the answers, nor was it intended to reduce the penalty for providing false answers to interrogatories. In our view, the adoption of the certification procedure merely constituted a change in ritual and not in substance. Certification is only another way of swearing or affirming. It is nothing in itself except as a perceptible manifestation of the intent to verify the statement certified. [125 *N.J.Super.* at 206–207]

The Appellate Division held that the rule of strict construction applicable to criminal statutes "... does not prohibit a court from reading a statute in relation to the mischief and evil sought to be suppressed," 125 *N.J.Super.* at 207, and thus affirmed the defendant's conviction of false swearing, as did the Supreme Court. The latter said:

> It is urged, and for present purposes it may be assumed, that when the Legislature enacted the false swearing statute, it did not have certification in lieu of oath specifically in mind. But that is not at all crucial for its language was broad enough to cover the situation at hand and the legislative goal would clearly be furthered by its inclusion. [65 *N.J.* at 158]

The same reasoning applies here. The forfeiture statute was adopted after the certification rule became effective, but the legislative goal is clearly furthered by a compatible reading of the statute and the rule. As the Appellate Division said in *Parmigiani:* "Certification is only another way of swearing or affirming." 125 *N.J.Super.* at 206–207.

For over a century the Legislature has exhibited a flexibility with respect to oath-taking requirements. In 1877 it authorized an oath to be taken "with the ceremony of lifting up the hand and swearing by the ever-living God, instead of that of touching and kissing the book of the gospels...." *N.J.S.A.* 41:1–5. In 1899 it adopted *N.J.S.A.* 41:1–4 providing that "[i]t shall not be necessary to the solemnity or obligation of an oath ... for the person taking oath to kiss the holy scriptures, but the taking of such oath, while the hand shall be held upon the book, shall answer all the purposes and requirements of the law...." The Legislature also decided in 1877 that it was permissible "to make solemn affirmation or declaration" in lieu of taking an oath. *N.J.S.A.* 41:1–6. (Note that a "declaration" is little different than a "certification.") In the same year, *N.J.S.A.* 41:1–7 eliminated the requirement that an officer taking an oath affix a seal.

Our courts have been similarly flexible. *Parmigiani* is not the only example. In *Lawson v. Davis,* 116 *N.J.Super.* 487 (App.Div.1971), the court held that a nominating petition con-

taining the oath of one signatory when it should have had five was nevertheless acceptable. It said: "the underlying purpose of the verification procedure was attained, *i.e.,* assurance of the genuineness and qualifications of a sufficient number of signatories, by the independent check of the signatures...." *Id.* at 490. In *Lebak v. Freck,* 212 *N.J.Super.* 234 (Law Div.1986), the court held that the knowing execution of an oath printed on a nominating petition, without any verbalization by her or by the clerk who signed the jurat, was sufficient.

The defense relies upon *Matthews v. Deane,* 196 *N.J.Super.* 428 (Ch.Div.1983), a case involving our recall statute, *N.J.S.A.* 40:69A–170. Notaries who supposedly took oaths did so improperly and petitions were struck down. The court, in *dicta,* said that the use of a certification pursuant to *R.* 1:4–4(b) would not be permissible. That may be a correct response to the facts in *Matthews;* it is not a correct response to the facts here.

A holding that a certified complaint does not meet the requirements of the forfeiture statute would produce unfortunate and unacceptable results. The certification provision of *R.* 1:4–4(b) and the oath requirement in the forfeiture statute are rules of evidence. *Evid.R.* 18 provides:

> A witness before testifying shall be required to take an oath or make an affirmation or declaration to tell the truth under the penalty provided by the law. No witness may be barred from testifying because of religion or lack of it.

Evidence rules can be changed only by the Supreme Court's adoption of a modifying or superseding rule subject to defeat by joint action of the State Senate and Assembly pursuant to *N.J.S.A.* 2A:84A–33 *et seq.* The forfeiture statute conforms to *Evid.R.* 18, the certification rule does not. Consequently, the latter, if read as a *new* rule of evidence, is not enforceable because it was not adopted in accordance with the statutory procedure. The Supreme Court cannot have intended this result; the rule should be construed to avoid it. In *Lomarch v. Englewood,* 51 *N.J.* 108, 113 (1968), the Court said:

> In construing a statute the presumption is that the legislature acted with existing constitutional law in mind and intended the act to function in a constitutional manner.

While the concern here is a rule, not a statute, the same reasoning obviously applies. The undesirable result is avoided by using the *Parmigiani* approach which makes certification and oath equal concepts, thus permitting the former to meet the test of *Evid.R.* 18. Furthermore, there is every reason to treat a certification as a "declaration to tell the truth under the penalty provided by the law," thus bringing it within *Evid.R.* 18 by another route. That rule treats an "oath" and a "declaration" as the same so that a certification which is a declaration is also an oath.

There is a further problem if the forfeiture statute is read as contradicting *R.* 1:4–4b: a violation of the separation of powers doctrine then occurs. The forfeiture statute was enacted after *R.* 1:4–4b was adopted. The Legislature, by adopting the statute, therefore abrogated the court rule, a rule governing pleading and practice. Since *Winberry v. Salisbury,* 5 *N.J.* 240 (1950), held that the Legislature cannot do this, the forfeiture statute is unconstitutional with respect to its oath requirement. The Legislature, however, is presumed to have intended to act in a constitutional manner. *Lomarch v. Englewood.* The construction adopted here, namely, that a certification and an oath are synonymous for present purposes, furthers that presumption.

The nature of the defense motion is not clear. It does not ask for a summary judgment and is not supported by affidavits. It apparently seeks dismissal of the complaint as insufficient, pursuant to *R.* 4:6–5. It contends, in addition to the certification argument, that the complaint must be dismissed because it contains only conclusory allegations. Read as a whole, the allegations are much more than conclusory; they are entirely sufficient to provide the notice which our rules require. *R.* 4:5–7 provides that "[a]ll pleadings shall be liberally construed in the interest of justice." *See also Miltz v.*

*Borroughs–Shelving, a Div. of Lear,* 203 *N.J.Super.* 451, 458 (App.Div.1985). The required construction supports the adequacy of the complaint.

For all of these reasons the defense motion must be dismissed.