813 A.2d 1208 (2003)
356 N.J. Super. 586
Fernando A. TIERRA and Esther Tierra, h/w, Plaintiffs-Appellants,
v.
Maria G. SALAZAR, Defendant-Respondent,
and Toyota Motor Credit Corporation, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted December 10, 2002.
Decided January 6, 2003.
Aslanian & Khorozian, attorneys for appellants (Raffi T. Khorozian, on the brief).
Timins, Beacham & Hughes, attorneys for respondent (Jeffrey B. Beacham, of counsel; Engy Abdelkader, on the brief).
Before Judges STERN, COLLESTER and ALLEY.
The opinion of the court was delivered by STERN, P.J.A.D.
Plaintiffs appeal from a judgment of January 25, 2002, dismissing their complaint *1209 "for failure to satisfy the verbal threshold."[1] We affirm the judgment substantially for the reasons stated by Judge Melvin S. Kracov in his oral opinion of January 25, 2002, as supplemented herein.
In his report of January 10, 2001, captioned "RE: Certification of Permanency," prepared a little more than a year after the December 14, 1999 accident, Dr. Rey Bello, plaintiff-husband's treating neurologist, found:
1. Bulging of the cervical discs at multiple levels (C4-5 and C5-6)
2. Thickening of the posterior ligament from C2-3 through C5-6
3. Radial tear at the L5-S1 disc.
In preparing his report, it appears that Dr. Bellow reviewed the results of an MRI taken on May 20, 2000. As a result, Dr. Bello opined that plaintiff has suffered "a [p]ermanent injury within a reasonable degree of medical probability other than scarring or disfigurement." See N.J.S.A. 39:6A-8(a).
The "certification" was not prepared by a physician who was "treating" plaintiff on the date of the certification. According to plaintiff, the treatment continued until February 24, 2000,[2] and was terminated almost a year before the date of the certification. In any event, we do not believe that a condition for which plaintiff had two months of treatment and missed no work can be deemed to have had a "serious impact" on his life. Hence, under our recent opinion in Rios v. Szivos, 354 N.J.Super. 578, 808 A.2d 868 (App.Div. 2002), summary judgment was properly granted. See also James v. Torres, 354 N.J.Super. 586, 808 A.2d 873 (App.Div. 2002).
We add a comment about an issue not addressed in the briefs. While attacking its sufficiency, defendant acknowledges that plaintiff "provided a physician's Certification of Permanency" which purported to certify the existence of a "permanent injury." But there was no certification. The doctor's letter did not contain the required language of a certification (nor of an affidavit). See R. 1:4-4(b). See also Cornblatt v. Barow, 153 N.J. 218, 237-40, 708 A.2d 401 (1998) (certification satisfied requirement of affidavit); State v. Angelo's Motor Sales, 125 N.J.Super. 200, 205, 310 A.2d 97 (App.Div. 1973), affd, sub nom State v. Parmigiani, 65 N.J. 154, 156-58, 320 A.2d 161 (1974) (false certification punishable by prosecution for false swearing); N.J.S.A. 2C:28-1, 2 (prosecutions for false statements "under oath or equivalent affirmation"). Under the statute, the certification must "state, under penalty of perjury, that the plaintiff has sustained an injury" which satisfies the statutory threshold. N.J.S.A. 39:6A-8(a). The Legislature endeavored to reduce litigation and insurance costs by deterring doctors from filing false reports and did so by requiring a certification in a form to permit prosecutions for perjury. See Rios, supra, 354 N.J.Super. at 583, 808 A.2d 868. See also Konopka v. Foster, 356 N.J.Super. 223, 228-29, 812 A.2d 363 (App. Div.2002). Compare Mayfield v. Community Medical Associates, 335 N.J.Super. 198, 208-211, 762 A.2d 237 (App.Div.2000), finding a doctor's unsworn and uncertified report on letterhead to constitute substantial compliance with the affidavit of merit requirement of N.J.S.A. 2A:53A-27. Unlike the affidavit of merit statute, however, *1210 N.J.S.A. 39:6A-8(a) creates a fourth degree crime if the person executing the certification "purposefully or knowingly makes or causes to be made, a false, fictitious, fraudulent, or misleading statement of material fact in, or omits a material fact from, or causes a material fact to be omitted from, any certification filed pursuant to this subsection." It is arguable that, because N.J.S.A. 39:6A-8(a) provides a unique crime under that section, a false report filed pursuant to that section may be subject to prosecution thereunder despite its form. However, as noted, the legislation is designed to deter doctors from preparing false certifications, and the solemnity of a certification seems contemplated in that regard. Therefore, while not part of our holding because the issue was not raised or briefed, we indicate our view that Dr. Bello's letter should not have been treated as a certification. On the other hand, when the physician's certification is not in proper form, a complaint should not be dismissed before plaintiff is given a reasonable opportunity to cure the defect.
Affirmed.
NOTES
[1] While both plaintiffs allegedly sustained injuries, no appeal is pursued with respect to the complaint of plaintiff-wife with respect to her own injuries. We therefore refer to the husband, Fernando, as "plaintiff."
[2] We do not now consider whether the plaintiff must still be in treatment when the certification is prepared.