**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A- 2107-18T2

U.S. BANK NA, AS TRUSTEE
ON BEHALF OF THE HOLDERS
OF THE J.P. MORGAN MORTGAGE
TRUST 2006-S2 MORTGAGE
PASS-THROUGH CERTIFICATES,

     Plaintiff-Respondent,

v.

JOHN BRENNAN,

     Defendant-Appellant.

_____

> Submitted February 10, 2020 – Decided February 26, 2020
>
> Before Judge Sabatino and Natali.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. F-014535-17.
>
> John Brennan, appellant pro se.
>
> Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Nelson Diaz, on the brief).

PER CURIAM

Defendant, John Brennan, appeals a final judgment of foreclosure issued against him on November 27, 2018, in favor of plaintiff, U.S. Bank N.A., as Trustee, on behalf of the Holders of the J.P. Morgan Trust 2006-S2 Mortgage Pass-Through Certificates ("U.S. Bank"). We affirm.

Defendant entered into a residential mortgage on January 23, 2006, in the amount of $156,000. The note was originally payable to Weichert Financial Services Company. The note was thereafter assigned and eventually was acquired by U.S. Bank.

Defendant does not dispute that he has been in default in payment on the mortgage since September 2016. Consequently, U.S. Bank filed the present mortgage foreclosure action against him.

In support of its case, U.S. Bank presented a certification from Cristina Diaz de Leon, which established plaintiff's right to foreclose. As attested to by her, she had personal knowledge of the relevant records. The bank moved for summary judgment, which defendant opposed on several grounds.

On April 4, 2018, Judge Lorraine M. Augostini entered summary judgment in favor of the bank. The judge attached a detailed statement of reasons, explaining why the bank had established its entitlement to summary judgment, and rejecting the various opposing arguments presented.

Defendant then moved to vacate the summary judgment order and made his present argument that the supporting certification was inadequate and that an affidavit was required instead. Judge Augostini rejected that argument and denied defendant's vacatur motion on November 15, 2018, again issuing a detailed statement of reasons.

U.S. Bank then obtained a final judgment of foreclosure from Judge Robert J. Brennan. The property was scheduled for a sheriff's sale, which was conducted on January 30, 2019, at which U.S. Bank was the successful bidder. Defendant then filed a motion to vacate the sale. Judge Augostini denied the motion to vacate on April 24, 2019, once again issuing a written statement of reasons rejecting defendant's arguments. This appeal ensued.

Defendant contends that in a Notice to the Bar dated April 30, 2019, the Supreme Court directed, allegedly for the first time, that a certification could be used in lieu of an affidavit by plaintiffs in residential mortgage cases to establish a right to foreclosure. We disagree with defendant's interpretation of the significance of the Notice to the Bar. The Notice merely confirmed, in the context of residential foreclosure actions, a long-established principle set forth more generally in Rule 1:4-4(b) (establishing that in lieu of an affidavit, oath or verification, an affiant may submit a certification stating that his or her statements are true and realizing that he or she is subject to punishment if his

or her statements are willfully false). See also State v. Angelo's Motor Sales, Inc., 125 N.J. Super. 200, 207 (App. Div. 1973), aff'd, 65 N.J. 154 (1974). "Certification is only another way of swearing or affirming." Ibid. "It is nothing in itself except as a perceptible manifestation of the [author's] intent to verify the statement certified." Ibid.

Defendant has not persuasively shown the substance of plaintiff's supporting certifications is insufficient to establish its standing to bring this foreclosure case. The certifications establish that plaintiff has possession of the note in this case, as well as the validity of the related assignment. See Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). There is no legal or equitable reason to vacate the judgment or set aside the sheriff's sale.

All other arguments presented by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A- 2107-18T2