**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3966-22

VESSELIN DITTRICH,

    Plaintiff-Appellant,

v.

931 PARK AVENUE
CONDOMINIUM ASSOCIATION
and CHAD NICKERSON,

    Defendants,

and

ROBERT SORGE,

    Defendant-Respondent.

_____

Submitted January 22, 2025 – Decided April 22, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2709-20.

Vesselin Dittrich, appellant pro se.

Methfessel & Werbel, attorneys for respondent (Richard A. Nelke and Sarah E. Shepp, on the brief).

PER CURIAM

In 2014, plaintiff Vesselin Dittrich's second-floor condominium in a multi-unit building in Hoboken suffered water damage due to a pipe that burst in a unit on a floor above. Six years later, he sued Robert Sorge, Chad Nickerson, and 931 Park Avenue Condominium Association, seeking property damage and compensatory damages for, inter alia, "emotional pain, suffering, [and] severe anxiety." Dittrich also sought equitable relief, specifically, an order compelling Nickerson and Sorge "to apply for permits with the [Hoboken] Office of Construction Official for all work done without permits in [their] apartment[s] at 931 Park Avenue . . . and to take all actions necessary to assure full compliance with all applicable codes." Dittrich alleged the water damage was caused by a deteriorated "common element" pipe from the HVAC units in Sorge's and Nickerson's condos that was maintained by 931 Park Avenue.

On February 7, 2022, the trial court confirmed a $25,719 arbitration award[1] in Dittrich's favor. See R. 4:21A-6(b)(3). The award did not cover

[1] The award apportioned liability: sixty percent to Condo Association, thirty percent to Nickerson, and ten percent to Sorge.

2                                                                 A-3966-22

Dittrich's equitable relief claim, which remained in effect. Dittrich subsequently resolved the claim against all defendants but Sorge.

Later that summer, Sorge advised Dittrich that the equitable relief claim was being resolved by correcting the deficient common element pipe and replacing Sorge's HVAC unit, and that Hoboken's final approval would be provided. In November, Sorge sent Dittrich work permits and final approval of the work performed in Sorge's condo indicating an inspection date of October 6. Sorge sought a stipulation of dismissal of the equitable relief claim. In response, Dittrich declined the offer pending his receipt and review of photographs of the completed work. Sorge advised Dittrich that the photographs were sent to the Hoboken construction official. Meanwhile, Dittrich had his expert prepare a supplemental report, which asserted Sorge's condo was not compliant with applicable state and municipal codes based on his February 2021 inspection of the condo, which was before the repairs were made.

Given Dittrich's refusal to dismiss the equitable relief claim, Sorge moved for summary judgment. The motion judge denied the motion, without prejudice, finding the permits and final approval sticker, certifying that Sorge's HVAC unit was replaced, did not sufficiently "describe[] the work that was done so that the

[c]ourt could make a determination as to whether or not . . . there's a viable equitable claim still remaining."

Sorge renewed his summary judgment motion, this time including the construction official's certification that all work performed in Sorge's condo complied with all applicable codes and regulations. Dittrich crossed-moved for summary judgment.

The motion judge granted Sorge's summary judgment motion and denied Dittrich's cross-motion, explaining her reasoning in an oral decision. The judge determined summary judgment was appropriate because there were no material facts in dispute. See Rule 4:46-2(c); Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021). The judge rejected Dittrich's expert supplemental report as inadmissible net opinion and moot because it was based on an inspection that was performed approximately one and a half years before Sorge made the repairs in 2022, which were approved by Hoboken. The judge found "[i]t is undisputed that the proper permits were obtained and approved to satisfy [] plaintiff's equitable relief claim as set forth in the certification of the Hoboken Construction Official."

On the other hand, the judge recognized that even though the construction official's certification did not expressly certify that he "inspected" Sorge's condo, she found this "lack of a reference to inspection is not relevant" because

the certification stated "Sorge's unit was in compliance with all applicable codes and regulations at the time [his] office issued the permits and approvals." The judge thus reasoned that final approval "subsumes any required inspections being done," leaving "no material issue of fact . . . with respect to [] [Dittrich's] equitable relief claim." The judge maintained "[Dittrich] has not come forward with any evidence that there's a hazardous condition existing in the unit which would form the basis for the remaining equitable claim," and the official's certification "belies that contention." Because Sorge's compliance with all relevant codes and regulations satisfied Dittrich's claim for equitable relief, the judge determined Sorge was entitled to summary judgment and Dittrich was not.

In his one-hundred-page merits brief, Dittrich raises seventeen legal points. Based upon our de novo review of the motion judge's summary judgment orders, Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022), we conclude Sorge's arguments lack sufficient merit to warrant discussion, R. 2:11-3(e)(1)(E). We therefore affirm the judge's orders substantially for the cogent reasons expressed in her oral decision. We add the following comments.

Contrary to Rule 1:4-4(b), the Hoboken construction official's certification did not include the statement: "I certify that the foregoing

A-3966-22

statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." Dittrich argues not only did the certification fail to comply with Rule 1:4-4(b), but it also contravened N.J.R.E. 603, which requires the administration of an oath before a witness testifies. These violations did not preclude the judge's consideration of the certification to grant summary judgment to Sorge because our courts have not viewed that a fatal shortcoming where the certification is otherwise acceptable.

In Alan J. Cornblatt, P.A. v. Barow, our Supreme Court expressed that Rule 1:4-4(b) recognizes the "allowance of certification in lieu of oath was admittedly intended as a convenience but it in nowise reduced the solemnity of the verification or declaration of truth." 153 N.J. 218, 237 (1998) (quoting State v. Parmigiani, 65 N.J. 154, 157 (1974)). The rule "seeks to accommodate both convenience and truth." Ibid. The Court acknowledged a trial court could forgo compliance with the rule in an affidavit of merit by applying the following five-part substantial compliance test:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.

A-3966-22

[Id. at 239 (internal citation omitted).]

Our court applied this test in Mayfield v. Community Medical Associates, P.A., when considering the plaintiff's expert's report, which was signed and dated, but "unsworn and uncertified." 335 N.J. Super. 198, 201 (App. Div. 2000). We recognized that "[m]ore is called for than a merely mechanical analysis," and "judgment is necessary to reach a result informed by intelligence." Id. at 205. The court held the report was substantially compliant, finding "no showing of prejudice to [the] defendants that would outweigh the strong preference for adjudication on the merits rather than final disposition for procedural reasons . . . or would warrant visiting on the innocent clients an error of their attorney." Id. at 207 (citing Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 108-08 (1971); Zaccardi v. Becker, 88 N.J. 245, 253 (1982)) (alterations in original).

Significantly, we concluded the medical expert "has put his reputation on the line as assuredly as if he had sworn to the truth of the document." Id. at 208. With respect to the requirement of a "reasonable explanation for the failure to comply," we reasoned that

> while mere inadvertence of counsel may not in and of itself suffice to meet this part of the test . . . taking the remarkable degree of plaintiffs' compliance . . . we are satisfied that, as to this fifth factor, counsel's diligence

7

in all other respects should be deemed a sufficiently reasonable explanation as to enable him and his client to avoid litigation disaster for a wholly inadvertent and non-prejudicial mistake.

[Ibid.]

With Cornblatt and Mayfield in mind, we point to Rule 1:1-2(a), which provides that court rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." To that end, "any rule may be relaxed or dispensed with by the court . . . if adherence to it would result in an injustice." R. 1:1-2(b).

Guided by these principles, we conclude it was appropriate for the motion judge to consider the construction official's certification that the repairs made in Sorge's condo complied with the relevant codes and regulations despite the absence of the sworn language mandated by Rule 1:4-4(b). Obviously, it would have been preferable for the certification to have strictly complied with the rule. Yet, the certification is otherwise substantially compliant with the rule, as it "certif[ies]" that the signatory is the "the Construction Official for the City of Hoboken and . . . ha[s] knowledge of the following facts and information." The document is signed and dated by the construction official and, thus, like the expert in Mayfield, he has put his reputation on the line as a public official as if

8                                                                                    A-3966-22

he swore to the truth of his statements. The substance of the certification, coupled with the permit applications and final approval of the work performed, serves as competent evidence that Dittrich's equitable relief claim has been satisfied. Under the circumstances and given our de novo review of summary judgment, the inadvertent omission of the required sworn language does not preclude summary judgment to Sorge as Dittrich contends.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3966-22