Luckenbach, Appellant, *v.* Egan.

Argued April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alexander A. DiSanti,* with him *Richard, Brian & DiSanti,* for appellant.

*John S. J. Brooks,* with him *Brooks, Oliver, Macartney & Holl,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 25, 1965:

Margaret C. Luckenbach, the plaintiff, was injured while riding in an automobile with the defendant, Edith Egan, who was driving. Because of another car which pulled out in front of the Egan car, the defendant suddenly applied her brakes and the sudden stoppage threw the plaintiff against a metal standard to her injury. She brought suit in trespass against Egan and the jury returned a verdict for the defendant. The plaintiff seeks a new trial.

In his charge to the jury the trial judge said: "It will be your obligation to decide which side you are going to believe, because, if you believe the plaintiff, the plaintiff must recover; if you believe the defendant, the defendant must recover; you cannot take part of the plaintiff's story and put it over in the defendant's story, nor can you take part of the defendant's story and put it in the plaintiff's story."

This instruction was in error. The plaintiff had testified that the automobile was traveling eastwardly on Parkside Avenue in Philadelphia at a speed of 40 to 45 miles per hour in a 35-mile speed limit zone, that she warned the defendant to "take it easy," and that as they approached Paxon Street intersecting Parkside, a car parked on the south side of Parkside west of Paxon Street pulled out from the curb in front of the Egan car.

The defendant testified that the accident happened on Parkside just west of 51st Street, also intersecting Parkside. She denied the speed stated by the plaintiff and declared, on the other hand, that she was traveling at the rate of only 20 to 25 miles per hour. She also refuted the statement of the plaintiff that the latter had told her to "take it easy."

The trial judge, in denying plaintiff's motion for a new trial, said: "The question at issue, put as simply as possible, is what was the speed of defendant's car at Parkside Avenue, near Paxon Street, and what was the speed at 51st and Parkside, a square and a half away. The only answers to this question comes from the plaintiff in regard to Parkside Avenue and Paxon Street and from the defendant as to 51st and Parkside."

From this the judge assumed that it was impossible to reconcile the plaintiff's and the defendant's testimony and that, therefore, one or the other of the parties was wholly in error. But there is no reason why

the jury could not believe that the accident occurred at the spot identified by the defendant but that even at that spot she was traveling at the prohibitive speed declared by the plaintiff. The plaintiff could have been mistaken as to where the other car entered into Parkside Avenue but remembered accurately the speed at which the defendant was driving at that particular time.

In *Greene v. Philadelphia,* 279 Pa. 389, 392, this Court said: "Where in one part of plaintiff's testimony she is entitled to have the case submitted to the jury and in another part she is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail." We affirmed this rule in *Pascale v. Simmons,* 406 Pa. 476, 482.

It is no longer the law that if the jury finds one part of a witness's testimony unacceptable, the entirety of his testimony must be rejected. In *Commonwealth v. Parente,* 184 Pa. Superior Ct. 125 (affirmed in 392 Pa. 48), the Superior Court said: "The notion first associated with the maxim 'falsus in uno, falsus in omnibus' was that where the jury found the witness wilfully falsifying, the entire testimony of that witness must of necessity be rejected . . . That the jury 'must' or 'ought' to reject all the testimony of a witness who has deliberately falsified in a part of his testimony has been abandoned as an unsound doctrine."

Nor is there any evidence in the case that the plaintiff was deliberately falsifying. She may have been honestly mistaken. At any rate, whether the circumstances unfolding into the plaintiff's injuries occurred at one spot on Parkside Avenue or a block and a half away, the vital issue was whether the defendant was driving negligently at the moment the plaintiff was injured. The real truth could well be gathered from the testimony of both parties.

At the end of the judge's charge, plaintiff's counsel addressed the court and the court replied as follows: "MR. RICHARD: On the sudden emergency doctrine, would your Honor elaborate and explain that if the sudden emergency is brought about partly because of excessive speed, or some other reason on behalf of the defendant, then the sudden emergency rule does not apply. THE COURT: That, of course, is the rule, but that does not apply here. The evidence here is that she was doing twenty-five miles an hour at an intersection."

This instruction overlooked the plaintiff's testimony that the defendant was speeding at 45 miles per hour in a 35-mile speed limit zone. *Casey v. Siciliano,* 310 Pa. 238.

Judgment reversed with a venire facias de novo.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. Considering the charge of the Court in its entirety and in the light of all the testimony, I believe there was no error, and certainly no fundamental error, in the charge. As I read the record, the testimony of plaintiff and of defendant was, on important points, so different as to be irreconcilable and the jury obviously believed the defendant.