Hopkins, Appellant, *v.* Blanco.

*James E. Beasley,* with him *Keith S. Erbstein,* and *Beasley, Hewson, Casey, Kraft & Colleran,* for appellant.

*Francis E. Shields,* with him *Victor L. Drexel,* and *Pepper, Hamilton & Scheetz,* for Gumersindo Blanco, M.D. and Alberto Adam, M.D., appellees.

*Robert R. Reeder,* with him *John J. Dautrich,* and *White and Williams,* for Hahnemann Medical College and Hospital, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that Article I, section 27 of the Pennsylvania Constitution compels the courts to extend the right to consortium to women who have long been denied that right under the common law.[1]

Consortium has normally been defined in terms of a husband's right to be secure in his marital relationship: " 'For an injury to the wife, either intentionally or negligently caused, which deprives her of the ability to perform services, or lessens that ability, the husband may maintain an action for loss of service. . . .' " Service " 'implies whatever of aid, assistance, comfort, and society the wife would be expected to render to, or bestow upon her husband, under the circumstances and in the condition in which they may be placed, whatever those may be. That services in the ordinary sense were not rendered at all, would be immaterial and irrelevant, except as the fact might, under some circumstances, tend to show a want of conjugal regard and affection and thereby mitigate the damages.' " *Kelly v. Mayberry Township,* 154 Pa. 440, 447, 26 A. 2d 595 (1893) ; *Neuberg v. Bobowicz,* 401 Pa. 146, 162 A. 2d

---

[1] On November 30, 1971, the lower court dismissed appellant's suit against Hahnemann Hospital on the ground that a woman has no right to her husband's consortium in Pennsylvania. Subsequent to this lower court ruling, appellant filed an appeal with this court and the Hospital's codefendants filed preliminary objections stating that a woman had no right to consortium. This is the very issue which appellant is raising in this court. The lower court should have postponed deciding the doctors' contention until this court filed its opinion. Such a postponement would advance judicial economy and permit all the defendants to be treated equally. Given the nature of this case, the appeal to this court stayed the lower court prior to its decision with regard to the doctors' preliminary objections.

662 (1960); *Brown v. Philadelphia Transportation Company*, 437 Pa. 348, 263 A. 2d 423 (1970).

Pennsylvania has refused to grant women the right to consortium. *Brown v. Glenside Lumber and Coal Company*, 429 Pa. 601, 240 A. 2d 822 (1968); *Neuberg v. Bobowicz*, supra. The Commonwealth's refusal to extend the right to consortium to women is founded upon the common law rationale that a woman-spouse was her husband's property. "She owed him duties much the same as did a servant his master. If he by injury to her suffered a loss of some feudal service owing to him by her, he and he alone—for she was too inferior a subject to have any such right, much less the privilege to assert it—was allowed to sue to recover, just as he would sue for injuries done to his cattle. He for all technical purposes, *owned her at common law*. . . ." *Neuberg v. Bobowicz*, supra at 401 Pa. 150 (emphasis added). Given the woman's inferiority to man at common law, a wife had no right to her husband's assistance, comfort, society, and services. She could not recover if her marital relationship was impaired by a third party's negligent infliction of injuries upon her husband. Justice Benjamin CARDOZO dispelled this concept of sexual inequality as the foundation upon which courts must decide the issues before them: " 'Social, political, and legal reforms [have] changed the relations between the sexes, and put woman and man upon a plane of equality. Decisions founded upon the assumption of bygone inequality are unrelated to present-day realities, and ought not be permitted to prescribe a rule of life.' " *Montgomery v. Stephen*, 359 Mich. 33, 41, 101 N.W. 2d 227, 230-231 (1960).

The Commonwealth adopted a Constitutional amendment which clashes with the common law enunciation of the right to consortium: "Article I, Section

27. Prohibition against denial or abridgment of equality of rights because of sex.

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual. Adopted May 18, 1971." Since the adoption of this amendment, the Pennsylvania Supreme Court has not answered the question of whether or not a wife is entitled to be compensated for loss of her husband's consortium. Thus, this court is not constrained by any opinion of the Supreme Court. To achieve the Constitutional requirement that men and women be treated equally, this Court must either abolish the husband's right to consortium or extend the right to the wife. The right should only be abolished if it is no longer viable. If the right is still a valuable one, the right should be expanded to allow the wife to recover for loss of consortium. Although several justices of the Supreme Court of Pennsylvania have expressed reservations about the viability of the concept of consortium in today's society, *Neuberg v. Bobowicz,* supra; *Brown v. Glenside Lumber and Coal Co.,* supra, the latest pronouncement of the Supreme Court affirmed the husband's right to consortium. *Link v. Highway Express Lines, Inc.,* 444 Pa. 447, 282 A. 2d 727 (1971). In order to determine which route to take, we will examine the arguments set forth by other jurisdictions which have extended the right to women.

The New York Court of Appeals stated: "Consortium . . . does not rest on any medieval theory, but on the real injury done to the marital relationship . . . . Once it is recognized that consortium now represents the interest of the injured party's spouse in the continuance of a healthy and happy marital life and that the cause of action seeks to compensate for the injury to that relationship, it becomes evident that the cause of action is not a relic." *Millington v. Southeastern*

*Elevator Company*, 22 N.Y. 2d 498, 504-05, 293 N.Y.S. 2d 305, 239 N.E. 2d 897, 36 A.L.R. 3d 891, 895 (1968).

An injury to the marital relationship is a compensable wrong, for the relationship is a continuing one with an inseparable mutuality of obligations and pleasures, affection and companionship; such ties make the marital relationships a factual entity. *Deems v. Western Maryland Railway Company*, 247 Md. 95, 231 A. 2d 514, 521 (1967).

"That both spouses suffer when the marriage relationship is adversely affected by physical injury to either is a fact evidenced, if not by logic, by human experience since the institution of marriage became a basic part of our mores. If the husband is the one injured, it is not only the wife who is affected by reason of any resultant change of the husband's personality or ability to engage in all the intangible associations which marriage brings; he too suffers the effect of the change, if only in reaction to his wife's unhappiness. Today, at least, it is unquestioned that the desire to have children and the pleasures of sexual intercourse are mutually shared." *Deems v. Western Maryland Railway Co.*, supra at 108-09, 231 A. 2d 522.

In addition to New York and Maryland, three of the four other states bordering Pennsylvania regard consortium as a viable right to be extended to women whose husbands have been negligently injured.[2] Consequently, Pennsylvania is virtually the only Middle Atlantic state which denies a woman the right to recover for the loss of her husband's consortium. Our neighboring states have logically expressed the belief

---

[2] *Stenta v. Leblang*, 55 Del. 181, 185 A. 2d 759 (1962); *Ekalo v. Constructive Service Corporation of America*, 46 N.J. 82, 215 A. 2d 1 (1965); *Clouston v. Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St. 2d 65, 51 Ohio Ops. 2d 96, 258 N.E. 2d 230 (1970). See 36 A.L.R. 3d 900 (1971) for a full discussion of women's right to consortium. This annotation sets forth cases which both support and oppose a wife's right to consortium.

that consortium is a valuable right in today's world. Their reasoning is persuasive and compels us to extend this valuable right to consortium to women. The alternative method of equalizing the rights of men and women—abolishing the common law right to consortium—would merely compound the wrongful denial of the right. *Montgomery v. Stephen,* supra at 44-45, 101 N.W. 2d 232-233; *Deems v. Western Railway Co.,* supra.

Granting the right to consortium to women is also consistent with modern trends in the law. Case law throughout the nation substantiates Dean Prosser's 1963 observation that " 'Around 1958 something of a current of support for the Hitaffer case [183 F. 2d 811 (D.C. Cir. 1950) (This was the first case extending the right to consortium to women)] set in, and since that date the trend has been definitely in the direction of approval.' " *Millington v. Southeastern Elevator Co.,* supra, 506, 36 A.L.R. at 896-897. Furthermore, courts have increasingly recognized that tort law must protect the individual's interest in protecting one's essentially emotional interests. *Millington,* supra; *Ekalo v. Constructive Service Corporation of America,* supra.

The infliction of a nonfatal injury upon one spouse now confers separate and distinct rights of action upon both spouses. This extension of the substantive right to consortium to women requires that we adopt a procedural mechanism for effectuating the right. The substantive rights accorded to husband and wife were so independent of one another that at common law the two causes of action could only be sued for in separate actions; "their joinder in one action was not permitted." *Nunamaker v. New Alexandria Bus Company, Inc.,* 371 Pa. 28, 32, 88 A. 2d 697 (1952). "Since the Act of 1895,[3] however, the rights of the husband and wife

---

[3] Act of May 8, 1895, P. L. 54, 12 P.S. §1621 et seq.

"§1621. Right of husband and wife for injury to her to be redressed in one suit

may be redressed in only one suit, and *but one can be brought.*" *Fulcomer v. Pennsylvania Railroad Company,* 141 Pa. Superior Ct. 264, 271, 14 A. 2d 593 (1940) (emphasis added). The failure of one spouse to join in the other spouse's action will forever bar the claim of the nonjoining spouse. *Donoghue v. Consolidated Traction Company,* 201 Pa. 181, 50 A. 952 (1902) ; *Todd v. Bercini,* 371 Pa. 605, 609, 92 A. 2d 538 (1952). The Act of 1895 has been superseded by Rules 2228 and 2232 of the Rules of Civil Procedure,[4] but the cases in-

--------

"Whenever injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife. 1895, May 8, P. L. 54, §1."

Suspended by Rules of Civil Procedure

The provisions of this section have been suspended absolutely by Rule 2250 of the Rules of Civil Procedure.

"§1622. Waiver of right of action; verdict and judgment

"Either the husband or the wife may waive his or her right of action, and his or her failure to join in the suit within twenty days after service of a rule to join, or be barred, shall be conclusive evidence of such waiver, but if both join in the suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right to separate executions. The rule herein referred to may be entered by the court of its own motion. 1895, May 8, P. L. 54, §2."

Suspended by Rules of Civil Procedure

The provisions of this section have been suspended absolutely by Rule 2250 of the Rules of Civil Procedure.

[4] "Rule 2228. Joinder of Related Plaintiffs

"(a) If an injury, not resulting in death, is inflicted upon the person of a wife, and causes of action therefor accrue to the wife and also to her husband, they shall be enforced in one action brought by the husband and the wife.

"Rule 2232. Defective Joinder. Change of Parties

"(a) The cause of action of a person required to join in an action as a party plaintiff by Rule 2228 shall be barred by failing to join therein if the defendant has given such person such notice

terpreting the act retain their validity because the rules merely restate the provisions of the act. Thus, the rights of both spouses must be redressed in one suit.

In the instant case, the spouses instituted separate actions. Appellant's husband instituted suit against appellees in September of 1970. On January 11, 1973, certificates of readiness and service were filed. Since the action of appellant's husband is still pending before the Common Pleas Court, the instant action may be joined with his still pending action.

A woman has the right to her husband's consortium in Pennsylvania, but the rights of the husband and wife must be redressed in one suit. Since there were two suits filed, this matter must be remanded to the Common Pleas Court for joinder of those actions.

of the pendency of the action as the court by general rule or special order shall direct."