Hopkins *v.* Blanco et al., Appellants.

Argued January 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Francis E. Shields,* with him *David R. Scott, John J. Dautrich, Pepper, Hamilton & Scheetz* and *White and Williams,* for appellants.

*James E. Beasley* and *Keith S. Erbstein,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 22, 1974:

The sole issue presented by this appeal is whether a wife may recover damages in Pennsylvania for the loss of her husband's consortium. The background of the case is this.

John B. Hopkins was a patient in the Hahnemann Hospital in Philadelphia[1] under the care of Dr. Gumersindo Blanco and Dr. Alberto Adam. Subsequently, Hopkins instituted an action against these physicians and the hospital for damages, alleging that due to the negligence of the physicians and the hospital he suffered bladder and bowel incontinence, paraplegia, and malfunction of his sexual organs.

At or about the same time, Lorraine Hopkins, wife of the said John B. Hopkins, instituted a separate action on her own behalf against the same parties seeking damages for the loss of her husband's consortium. The defendants, Blanco and Adam, filed preliminary objections to the complaint in the nature of a demurrer which the trial court sustained and then dismissed the complaint. On appeal, the Superior Court reversed this order and remanded the action for trial in consolida-

---

[1] The corporate name of the hospital is Hahnemann Medical College and Hospital.

tion with the action of John B. Hopkins, the husband. See 224 Pa. Superior Ct. 116, 302 A. 2d 855 (1973). We granted allocatur and now affirm the order of the Superior Court.

The trial court relying on *Brown v. Glenside Lumber & Coal Company*, 429 Pa. 601, 240 A. 2d 822 (1968), and *Neuberg v. Bobowicz*, 401 Pa. 146, 162 A. 2d 662 (1960), ruled that a wife may not recover in Pennsylvania for the loss of her husband's consortium. The Superior Court in reversing this ruling reasoned that since a husband has a viable right to recover for the loss of his wife's consortium in Pennsylvania, then Art. 1, §27, of the Pennsylvania Constitution, adopted May 18, 1971, mandates the wife now receive a similar right.

In *Neuberg v. Bobowicz*, supra, this Court examined the question of the wife's right to recover for the loss of her husband's consortium and decided such recovery should not be permitted. We based our conclusion in great part on the fact that the husband's right to recover for such a loss has its foundation in the common law concept that the wife was his property and he had an interest in her services, and that this view has survived as an anomaly since the common law concept of a "wife" is no longer valid. Hence, the Court concluded the right should not be extended.

Lorraine Hopkins argues, however, as she did in the Superior Court, that with the adoption of the Equal Rights Amendment to the Pennsylvania Constitution, if the husband is allowed to recover for the loss of consortium, to fulfill the mandate of the Constitution, the wife must also be given the same right. The Constitution provides:

"Prohibition against denial or abridgement of equality of rights because of sex

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

The obvious purpose of the Amendment was to put a stop to the invalid discrimination which was based on the sex of the person. The Amendment gave legal recognition to what society had long recognized, that men and women must have equal status in today's world. See *Conway v. Dana*, 456 Pa. 536, 318 A. 2d 324 (1974). We agree that if the husband may recover for loss of consortium, to deny the wife an equal right would be invalid under the Pennsylvania Constitution. To draw such a distinction would have no rational or proper foundation at law, and would clearly be a form of invalid discrimination based strictly on sex. It would also be unfair. Today a husband and wife are equal partners in a marital relationship, and, as such, should be treated equally under the law with respect to that relationship.

The Court recognized this very fact in *Neuberg*. In tracing the common law origin of the action for loss of consortium, we noted that at common law the wife was equated to a chattel of her husband, in short, she had similar status to a servant; thus, the husband technically owned her. We then went on to point out that today the wife is an *equal* to her husband. With that recognition, we set the stage for the question herein presented. Since the wife is her husband's equal, there is no valid justification for treating them differently in matters relating to the marital relationship. Hence, if the husband has a right to recover for the loss of consortium—so must the wife.

Therefore, we must decide if the husband has a right to recover for the loss of consortium. In the past this Court has been divided on the issue of the continuing validity of the husband's right to recover. Once it is determined the husband may recover, the resolution of the issue presented instantly necessarily follows because of the Equal Rights Amendment.

In *Neuberg*, although the primary issue presented was the wife's right to recover, a reading of the opinion

clearly indicates the majority of the *Neuberg* Court were of the opinion the husband should not be allowed to recover.[2] This was clearly indicated by dicta in the opinion. However, in later cases this Court refused to adhere to this position. In two recent cases, *Link v. Highway Express Lines, Inc.*, 444 Pa. 447, 282 A. 2d 727 (1971), and *Brown v. Philadelphia Transportation Co.*, 437 Pa. 348, 263 A. 2d 423 (1970), this Court explicitly recognized the continuing validity of such a cause of action on the part of a husband. Today, a majority of this Court are of the opinion the husband should be permitted to recover for such a loss. It, therefore, follows that under the Equal Rights Amendment, the wife must also be allowed to recover.

Order affirmed.

Mr. Chief Justice JONES concurs in the result.

---

[2] For this reason there was no equal rights question in the *Neuberg* decision.