## Blocher v. McConnell

*J. Paul Helvy,* for plaintiffs.
*Peter J. Speaker,* for defendants.

HESS, *J.,* June 29, 1992—This action arises out of a motor vehicle collision which occurred on July 12, 1988, in the parking lot of the Capital City Mall, Cumberland County. The plaintiff, Rose E. Blocher, seeks compensatory and punitive damages and her husband, James S. Blocher, has filed a claim for loss of consortium. In connection with his claim, Mr. Blocher seeks to recover damages for transportation expenses and lost income allegedly incurred by him as a result of injuries to his wife in the collision.

The complaint in this case alleges that the defendant, Michael Allen McConnell, was "drag racing" outside designated lanes of travel in the parking lot when he struck the plaintiffs' vehicle. Defendants have filed preliminary objections to James Blocher's claim for transportation and work loss expenses as well as Rose Blocher's claim for punitive damages.

In the first of these preliminary objections, the defendants assert that Mr. Blocher's claim for transportation expenses and lost income incurred while caring for his injured wife fails to set forth a claim cognizable under Pennsylvania law. The defendants correctly state that

there is no legal authority allowing recovery of such damages. On the other hand, we have been unable to locate any authority in Pennsylvania whereby the recovery of such damages is expressly prohibited. Nonetheless, our review of Pennsylvania cases dealing with the subject leads us to the conclusion that claims for loss of consortium do not extend to incidental expenses of the type sought to be recovered in this case.

In support of his claim for transportation expenses and lost income, the plaintiff cites Restatement (2d) of Torts, §693. Specifically, section 693(1) provides:

"(1) One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of the society and services of the first spouse, including impairment of capacity for sexual intercourse, *and for reasonable expenses incurred by the second spouse in providing medical treatment." (emphasis added)*

No Pennsylvania court, however, has explicitly adopted section 693 of the Restatement. One Pennsylvania Commonwealth Court case has made reference to it but only generally. See *Dasconio v. W.C.A.B. (Aeronca Inc.),* 126 Pa. Commw. 206, 559 A.2d 92 (1989). The Commonwealth Court did not explicitly adopt section 693 nor did it cite this section for the proposition that a spouse of an injured plaintiff can recover transportation expenses and lost income.

Of Roman origins, the consortium claim became firmly established in the English common law. One early important case in this regard was *Guy v. Livesy,* 179 Eng. Rep. 428 (1618). There the plaintiff brought an action because he "lost the company of his wife...." In language which grates against contemporary notions of the equality of the sexes, the court said:

"[H]e lost the company of his wife, which is only a damage and loss to himself, for which he shall have this action as the master shall have for the loss of his servants' service."

Despite the antiquity of this action and the outmoded underpinnings upon which it is based, it continues to be alive and well in the common law of Pennsylvania and has, in fact, been extended so that it is no longer an exclusive right of a husband, but now extends to the wife. *Hopkins v. Blanco,* 457 Pa. 90, 320 A.2d 139 (1974).

In *Burns v. Pepsi-Cola Metropolitan Bottling Co.,* 353 Pa. Super. 571, 575-76, 510 A.2d 810, 812 (1986), Judge Wickersham discussed Pennsylvania law with regard to loss of consortium as follows:

"In this Commonwealth, loss of consortium has been recognized as a 'right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship and affection of each other in their life together. As thus defined and limited, any interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference.' *Leo v. Bottman,* 40 Wash. Cty. L.J. 105, 108-09 (1960). The right to recover for loss of consortium springs from the English common law and once extended solely to a husband's recovery for the loss of service rendered to him by his wife. That right was later expanded in this country to include a wife's recovery for the loss of services rendered by her husband. Pennsylvania law originally followed the common law rule, but acknowledged a wife's right to recover damages for the loss of her injured husband's services under a loss of consortium theory in *Hopkins v. Blanco,* 224 Pa. Super. 116, 302 A.2d 855 (1973), *aff'd,* 457 Pa. 90, 320 A.2d

139 (1974). Under *Hopkins,* those services which may be compensated for in damages by either spouse are: 'whatever of aid, assistance, comfort and society [one spouse] would be expected to render or bestow upon [the other], under the circumstances and in the condition in which they may be placed.' *Id.,* 224 Pa. Super. at 117, 302 A.2d at 856." *Id.* at 575-576, 510 A.2d at 812.

In another relatively recent case, the Commonwealth Court expressly stated in a claim for loss of consortium, "the injuries alleged are those to the uninjured spouse for loss of the injured spouse's society and services." (emphasis added)  See *Kowal v. PennDOT,* 100 Pa. Commw. 593, 596, 515 A.2d 116, 118 (1986), *alloc. denied,* 514 Pa. 650, 524 A.2d 496 (1987). Again, there is no reference to the recovery of the type of damages sought in this case.

Commentators in this area of the law observe that claims for loss of consortium are limited, lest the claim by the uninjured spouse lead to a double recovery. Speaking to the type of case very much like the one at bar, Prosser and Keaton on Torts, (5th 1984) at section 125 notes:

"Since the injured husband, for example, is entitled to recover for his own diminished earning capacity, the wife's consortium claim for loss of services must not be allowed to include loss services which are also a part of that diminished capacity. *The wife who gives up her job to nurse her husband must not be allowed to recover for her loss of wages or the value of her services for the same reason—her husband is entitled to recover the reasonable value of needed services and nursing and to allow both claims is to allow a double recovery." (emphasis supplied)*

In this case, the husband seeks to recover various expenses incurred by him in the care of his wife. These expenses, which essentially relate to the transportation of the wife for the purpose of obtaining medical care, however, are recoverable by her. To permit the husband's claim to go forward risks the type of double recovery which the law specifically seeks to avoid. For these various reasons, the preliminary objection of the defendants will be sustained.

The defendants' second preliminary objection is to the claim of plaintiff, Rose Blocher, for punitive damages. The Pennsylvania Supreme Court has adopted the Restatement (2d) of Torts, §908(2) which outlines the circumstances under which punitive damages may be awarded. See *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). Section 908(2) provides in pertinent part:

"(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."

The Pennsylvania Supreme Court has also held that punitive damages are proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct...." *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 493, 587 A.2d 702, 704 (1991). Punitive damages, however, are not appropriate in cases of ordinary negligence such as mistake, inadvertence or errors in judgment. *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 447 (1987), *alloc. denied,* 520 Pa. 589, 551 A.2d 215 (1988).

The complaint, in the instant case, avers that the defendant was engaged in "drag racing" with another vehicle in a public parking lot. Moreover, the complaint alleges that the defendant was travelling outside the designated lanes of travel at an excessive rate of speed. Such conduct,

102

or course, was not only intentional but was of a type involving known risk to the life and limb of others. We have no difficulty in reaching the conclusion that such an averment meets at least the recklessness conduct requirement articulated in *Feld* and *SHV Coal.*

### ORDER

And now, June 29, 1992, for the reasons set forth in our opinion filed of even date herewith, the defendants' preliminary objection to the claim of James S. Blocher, plaintiff, for transportation expenses and lost income is sustained. The preliminary objection of the defendants to the claim of plaintiff, Rose E. Blocher, for punitive damages is denied.