PICCIONE, J.,
This before the court for disposition are the preliminary objections to plaintiff’s complaint filed by defendant Michael J. DeMatteo (hereinafter, “defendant DeMatteo) and the preliminary objections to plaintiffs’ complaint filed on behalf of defendant ER Advanced Ceramics, Inc. (hereinafter, “defendant ER”). The instant action commenced on January 3, 2013, upon the plaintiffs,’ Douglas and Amy Kreitzer (hereinafter, collectively, the “plaintiffs”) filing a writ of summons against the defendants, Michael J. DeMatteo and ER Advanced Ceramics, Inc. (hereinafter, collectively, the “defendants”). Thereafter, on September 18, 2014, the plaintiffs filed the complaint. According to the complaint, plaintiff Amy Kreitzer is the former spouse of defendant DeMatteo, who is employed by defendant ER. Plaintiff Douglas Krietzer is the current spouse of plaintiff Amy Kreitzer. The plaintiffs aver that over a period of time unknown to them, a website was published on the internet, which was derived from a computer on the premises of defendant ER. This computer was within the exclusive control and possession of the *513 defendants. The plaintiffs aver that the website and other internet sites listed the home address of the plaintiffs with accompanying maps and location identifiers. The website advertised sexual services or products using plaintiff Amy Kreitzer’s maiden name and home address. The website indicated that the plaintiff was offering sexual services and products. The plaintiffs aver that such statements and advertisements were false, offensive, and outrageous. The information on the website was derogatory and was viewed by members of the general public who understood its meaning. Such information was of the nature to cause mental suffering, shame, and humiliation to a person of ordinary sensibilities.
The plaintiffs aver that defendant ER knew or should have known that defendant DeMatteo was engaging in outrageous and prohibited activities, misuse of its computer equipment, and creating websites or internet content designed to injure or harass the plaintiffs. The plaintiffs further aver that they have suffered harm solely by the actual and/or imputed negligence of the defendants, and all injuries and damages suffered by the plaintiffs were caused solely, directly, and proximately by the defendants. The plaintiffs argue that defendant ER failed in the following ways: to protect the public or take any other safety precautions to prevent injury to the plaintiffs; to be attentive to the needs of the public, including the plaintiffs; to make a reasonable inspection or provide reasonable controls which would have controlled and revealed acts committed by defendant DeMatteo; to exercise reasonable care under all of the circumstances as to the public. These failures were the proximate result of damages to the plaintiffs including shock, damage, trauma to the plaintiffs’ nervous systems, severe emotional stress and mental suffering, loss of reputation, great pain and *514 suffering, and a loss of enjoyment of life. As a result, the plaintiffs demand judgment in their favor and against the defendants for an amount in excess of the arbitration limits.
The complaint contains four counts: false light invasion of privacy and intrusion upon seclusion, negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of consortium. The plaintiffs assert each count against both defendants, except for count three, intentional infliction of emotional distress, which the plaintiffs assert against only defendant DeMatteo. On November 13, 2014, defendant DeMatteo filed preliminary objections to the plaintiffs’ complaint, a brief in support thereof, and a praecipe for oral argument on the preliminary objections. On November 20, 2014, defendant ER also filed preliminary objections to the plaintiffs’ complaint, a brief in support thereof, and a praecipe for oral argument on the preliminary objections. Oral argument was scheduled for February 23, 2015, during which each party appeared in support of its position.
I. Defendant Dematteo’s Preliminary Objections
Defendant DeMatteo’s preliminary objections have been filed pursuant to Pa.R.C.P. 1019(a), 1019(f), 1028(a)(3), and 1028(a)(4). When a court is presented with preliminary objections to a complaint, all material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. Hess v. Fox Rothchild, LLP, 925 A.2d 798, 805 (Pa. Super. 2007); Tucker v. Philadelphia Daily News, 757 A.2d 938, 941-42 (Pa. Super. 2000). The court must further determine, as a matter of law, whether, based on the facts averred in the complaint, the plaintiff may be entitled to *515 recovery. Wiernik v. PHH U.S. Mortg. Corp., 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained when the court determines with certainty that, upon the facts averred, the law will not permit the recovery sought by the plaintiff. R. W. v. Manzek, 888 A.2d 740, 749 (Pa. 2005); Bourke v. Kazara, 746 A.2d 642, 643 (Pa. Super. 2000).
First, defendant DeMatteo argues that the complaint fails to plead with specificity or particularity when the subject communications were discovered by the plaintiffs. Rule 1019 of the Pennsylvania Rules of Civil Procedure requires that “[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form” and that “[ajverments of time, place and items of special damage shall be specifically stated.” Pa.R.C.P. 1019(a), (f).
Additionally, defendant DeMatteo argues that the complaint is insufficient pursuant to Pa.R.C.P. 1028(a)(3). “The pertinent question under Rule 1028(a)(3) is ‘whether the complaint is sufficiently clear to enable the defendant to prepare his defense,’ or ‘whether the plaintiff’s complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.’” Rambo v. Greene, 906 A.2d 1232, 1236 (Pa. Super. 2006) (citing Ammlung v. City of Chester, 302 A.2d 491, 498 n. 36 (Pa. Super. 1973)).
The complaint fails to identify any time or range of time or location, other than on the internet, whatsoever. The lack of these facts in the complaint renders the defendants unable to properly respond to it. As a result, defendant DeMatteo’s preliminary objection regarding factual specificity is hereby sustained.
*516 Defendant DeMatteo’s next objection is in the nature of a demurrer, pursuant to Pa.R.C.P. 1028(a)(4) for legal insufficiency. Preliminary objections to a complaint may be filed on the grounds of legal insufficiency of that complaint. Pa.R.C.P. 1028(a)(4). The standard of review for a preliminary objection in the nature of a demurrer is as follows:
A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly deducible from those facts. The pleader’s conclusions or averments of law are not considered to be admitted as true by a demurrer. Since the sustaining of a demurrer results in a denial of the pleader’s claim or a dismissal of his suit, apreliminaiy objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.
Baker v. Central Cambria School Dist., 24 A.3d 488, 492 n.6 (Pa. Cmwlth. 2011) (citing Palmer v. Bartosh, 959 A.2d 508, 512 n.2 (Pa. Cmwlth. 2008) (internal citations omitted)).
Defendant DeMatteo argues that the claim for negligent infliction of emotional distress is legally insufficient because the plaintiffs failed to allege that the defendants had a contractual or fiduciary duty to the plaintiffs, who either were subjected to physical impact,[1] a zone of danger *517 to fear impending physical injury, or that they observed a close relative experience a physical injury. As explained by the Superior Court in Weiley v. Albert Einstein Medical Center, 51 A.3d 202, 217 (Pa. Super. 2012):
[T]he cause of action for negligent infliction of emotional distress is restrict to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortuous injury to a close relative.” (citing Doe v. Philadelphia Community Health Alternatives AIDS Task Force, 745 A.2d 25, 26 (Pa. Super. 2000), aff’d, 161 A.2d 548 (Pa. 2001).
It is unclear upon which factual scenario the plaintiffs rely for this claim. The complaint does not aver that the defendants had a contractual or fiduciary duty to the plaintiffs; the plaintiffs aver no physical injury or fear of impending physical injury as a result of the alleged conduct of the defendants; nor do the plaintiffs assert that they observed a tortuous injury to a close relative. The only conceivable theory upon which the plaintiffs rely is that defendant DeMatteo owed a fiduciary duty to the plaintiff Amy Kreitzer which arose from their prior marriage.
“A confidential relationship between two parties can give rise to fiduciary duties owed by one to the other.” Weiley, 51 A.3d at 218. “The essence of [a confidential] relationship *518 is trust and reliance on one side, and a corresponding opportunity to abuse that trust for personal gain on the other. [Such relationship] appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed[.j” Basile v. H & R Block, Inc., 777 A.2d 95, 101 (Pa. Super. 2001). A party to a confidential relationship “must act with scrupulous fairness and good faith in his dealings with the other and refrain from using his position to the other’s detriment and his own advantage.” Id.
The relationship between ex-spouses does not contain similar attributes as those which establish a confidential, fiduciary relationship. Ex-spouses are not contractually bound to each other. Ex-spouses do not owe each other a duty to protect each other’s emotional well-being. In the instant circumstances, there is no indication that the ex-spouses have a child together for which they would need to accommodate each other. Ex-spouses are on equal ground rather than a dominant and weak party. Certainly, ex-spouses are in a position to use information obtained by one during the course of their relationship to harm the other; however, just because people who used to associate with one another possess information the misuse of which could lead to deep emotional harm, does not create a relationship as contemplated to establish a fiduciary duty. If the court were to take such a position, it would be compelled to find as a matter of law that a confidential, fiduciary relationship exists between even casual friends. Such is not the intent of the law. See Weiley, supra, “[Bjecause of this heightened standard [of care involved in a fiduciary relationship], not even all doctor-patient relationships could qualify.” As a result, plaintiff Amy Kreitzer and defendant DeMatteo’s relationship is insufficient to establish that they owed a *519 fiduciary duty of care to one another. Therefore, since the existence of a confidential or fiduciary relationship is a necessary element to the claim of negligent infliction of emotional distress, neither plaintiff can establish this claim. Defendant DeMatteo’s preliminary objection in the nature of a demurrer to negligent infliction of emotional distress is hereby sustained.
Next, defendant DeMatteo argues that the intentional infliction of emotional distress claim against him should be dismissed because the plaintiffs fail to assert any specific physical injury. As a result, defendant DeMatteo argues that pursuant to Rule 1028(a)(4), this claim should also be dismissed. “While our courts recognize a cause of action for intentional infliction of emotional distress, we have allowed recovery in only very egregious cases.” Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997). In order to state a claim for intentional infliction of emotional distress, a plaintiff must establish “(1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another.” Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Cmwlth. 2010). “The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor.” Kazatsky v. King David Memorial Park, 527 A.2d 988, 991 (Pa. 1987). The conduct of a defendant to a claim for intentional infliction of emotional distress was described by the Superior Court of Pennsylvania in Reardon v. Allegheny College, 926 A.2d 477, (Pa. Super. 2007), to be as follows:
[T]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society... [I]t has not been enough that the defendant has acted with *520 intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by “malice,” or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.
(brackets and ellipsis in original) (citing Hoy, 720 A.2d at 753-754). “In addition to requiring that a plaintiff establish that the conduct complained of was outrageous, the Pennsylvania Supreme Court has required that the plaintiff present competent medical evidence to support the claim.” Britt v. Chestnut Hill College, 632 A.2d 557, 561 (Pa. Super. 1993).
Instantly, a review of the complaint shows that the plaintiffs aver that defendant DeMatteo created a website that advertised that plaintiff Amy Kreitzer was offering sexual services or products using plaintiff Amy Kreitzer’s maiden name and home address. While this description of conduct is certainly “outrageous,” it is merely a description. The plaintiffs do not set forth exactly what this website stated. This is not the type of information which would be brought out through discovery. The plaintiffs should already have seen the website and its contents. As a result, this claim is insufficiently specific. Additionally, the plaintiffs aver that they suffered a number of injuries as a result of the defendants’ alleged conduct; however, the plaintiffs failed to allege that the defendants’ conduct caused them to seek medical treatment. As stated above, this is a necessary element to the claim of intentional infliction of emotional distress. Therefore, defendant DeMatteo’s preliminary objection to this claim is sustained.
Lastly, defendant DeMatteo argues that plaintiffs’ claim for punitive damages should be dismissed. The plaintiffs request punitive damages only to the claim for intentional *521 infliction of emotional distress. As stated above, defendant DeMatteo’s demurrer to the claim for intentional infliction of emotion distress is sustained, thereby striking the claim from the complaint. Defendant DeMatteo’s preliminary objection to punitive damages is, therefore, dismissed as moot. However, the court notes that in the event that the plaintiffs amend the complaint sufficiently to establish this claim, punitive damages could be sought. See Judge Technical Services. Inc. v. Clancy, 813 A.2d 879, 889 (Pa. Super. 2002) (“In Pennsylvania, punitive damages are awarded for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interest of others”) (brackets, quotation marks, and citations omitted).
Based upon the foregoing, defendant DeMatteo’s preliminary objections are sustained in part and dismissed in part.
II. Defendant ER’s Preliminary Objections
Also before the court are defendant ER’s preliminary objections to the complaint. Defendant ER’s first preliminary objection is in the nature of a demurrer to the claim of false light invasion of privacy and intrusion upon seclusion. Defendant ER argues that this claim fails as a matter of law because the plaintiffs fail to assert intentional conduct on the part of defendant ER.
“The gist of privacy is the sense of seclusion, the wish to be obscure and alone, and it is a trespass to abuse these personal sensibilities.” Bennett v. Norban, 151 A.2d 476, 479 (Pa. 1959). “The right of privacy is a qualified right to be let alone; but to be actionable, the alleged invasion of that right must be unlawful or unjustifiable.” Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1383 (Pa. Super. 1984). The tort for invasion of privacy consists of *522 four torts: intrusion upon seclusion; appropriation of name or likeness; publicity given to private life; and publicity placing the person in a false light.
A claim for intrusion upon seclusion is set forth in the Restatement (Second) of torts as follows: “One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.” Restatement Second of Torts § 652B. “The invasion may be (1) by physical intrusion into aplace where the plaintiff has secluded himself; (2) by use of the defendant’s senses to oversee or overhear the plaintiff’s private affairs; or (3) some other form of investigation or examination into plaintiff’s private concerns.” Togouma v. Investigative Consultant Services, Inc., 4 A.3d 170 (Pa. Super. 2010) (internal quotation marks and citations omitted).
In the instant case, defendant ER argues that the plaintiffs are unable to maintain an invasion of privacy cause of action because they fail to assert any intentional conduct on defendant ER’s part. This court agrees. Invasion of privacy is an intentional tort and the plaintiffs argue that it was negligent, careless, and/or reckless in its actions. The plaintiffs argue that defendant ER is liable to the plaintiffs based upon a theory of vicarious liability; however, this theory is based upon an action for negligence. See Scampone v. Highland Park Care Center, LLC, 57 A.3d 582, 597 (Pa. 2012) (“Toprove negligence, a plaintiff may proceed against a defendant on theories of direct and vicarious liability, asserted either concomitantly or alternatively.”) (emphasis supplied). The complaint in the instant case does not assert a separate claim against defendant ER for negligence as it relates to hiring or *523 supervising its employees; rather, the plaintiffs assert the invasion of privacy claim against both defendants. As a result, this claim must fail. Therefore, defendant ER’s preliminary objection in the nature of a demurrer to Count I, invasion of privacy, is hereby sustained.
Defendant ER’s next preliminary objection is also in the nature of a demurrer to negligent infliction of emotional distress. As stated above, the plaintiffs fail to establish a claim for negligent infliction of emotional distress against defendant DeMatteo. Because the plaintiffs’ theory of liability of defendant ER is based upon vicarious liability, this claim cannot stand alone against defendant ER. As a result, defendant ER’s preliminary objection in the nature of a demurrer to negligent infliction of emotional distress is hereby sustained.
Lastly, defendant Dematteo objections to plaintiff Douglas Kreitzer’s loss of consortium claim. The Superior Court of Pennsylvania has described a claim for loss of consortium as follows:
[A] right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship and affection of each other in their life together. As thus defined and limited, any interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference.
Burns v. Pepsi-Cola Metropolitan Bottling Co., 510 A.2d 810, 812 (Pa. Super. 1986).
“[A] consortium claim is grounded on the loss of a spouse’s services after injury.” Id. As found above, in sustaining each of defendant ER’s preliminary objections, the court has dismissed each of the claims against *524 defendant ER. Defendant ER is therefore not liable to plaintiff Amy Kreitzer based upon the allegations in the instant complaint; so defendant ER cannot be liable to defendant Douglas Kreitzer for loss of consortium. As a result, defendant ER’s preliminary objection to plaintiff Douglas Kreitzer’s loss of consortium claim is sustained.
Based upon the foregoing, defendant ER’s preliminary objections are hereby sustained.
ORDER OF COURT
And now, this 5th day of June, 2015, the case being before the court on February 23, 2015, regarding the defendant Michael J. DeMatteo’s preliminary objections to plaintiffs’ complaint and ER Advanced Ceramics, Inc.,’s preliminary objections to plaintiffs’ complaint, with Susan M. Papa, Esquire, appearing and representing the plaintiffs, LeAnn A. Fulena, Esquire, appearing and representing defendant Michael J. DeMatteo, and Joseph V. Lesinski, Esquire, appearing and representing defendant ER Advanced Ceramics, Inc., and upon review of the applicable record, the court hereby order and decrees as follows:
1. Defendant Michael J. DeMatteo’s preliminary objections are sustained in part and dismissed in part pursuant to the attached opinion.
2. Defendant Michael J. DeMatteo’s preliminary objections are sustained on the lack of specificity, and the demurrers to intentional infliction of emotional distress and negligent infliction of emotional distress.
3. Defendant Michael J. DeMatteo’s preliminary objections are dismissed with regard to the punitive damages objection.
*525 4. The plaintiffs shall have twenty (20) days from the date of this order to file an amended complaint against defendant Michael J. DeMatteo.
5. Defendant ER Advanced Ceramics, Inc. ⅛ preliminary objections are hereby sustained pursuant to the attached opinion.
6. The plaintiffs shall have twenty (20) days from the date of this order to file an amended complaint against defendant ER Advanced Ceramics, Inc.
7. The Prothonotary of Lawrence County shall provide a copy of this order of court and opinion upon counsel of record in accordance with the provisions of Pa.R.C.P. 236 and Rule L236.

. The Supreme Court of Pennsylvania in Toney v. Chester County Hosp., 36 A.3d 83, 84 (Pa. 2011), held that a cause of action for negligent infliction of emotional distress may exist when a plaintiff has suffered *517 only emotional distress “only in those special cases where there exists a special relationship where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress.” This court notes that the decision in Toney was issued pursuant to an equally divided court; and, consequently, may only be cited for its persuasive value.